IN THE UNITED STATES DISTRICT COURT **F I L E D**

FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DISTRICT

DEC 1 2 2003

| | | |
|---|---|---|
| DENISE RUTHER, | ) | |
| | ) | MICHAEL W. DOBBINS |
| Plaintiff, | ) | CLERK, U.S. DISTRICT COURT |
| | ) | |
| v. | ) | No. 02 C 8777 |
| | ) | |
| | ) | Judge Bucklo |
| CHASE NA, TRANS UNION LLC, | ) | Magistrate Judge Ashman |
| EQUIFAX INFORMATION SERVICES, LLC, | ) | |
| and EXPERIAN INFORMATION SOLUTIONS, | ) | |
| INC. | ) | |
| | ) | |
| Defendants. | ) | |

DOCKETED
DEC 1 7 2003

## NOTICE OF MOTION

Please take notice that on Friday, December 19, 2003 at 9:30 am or as soon thereafter as counsel may be heard, the undersigned will appear before the Honorable Judge Elaine Bucklo in the courtroom usually occupied by her in the Dirksen Federal Building, or before any judge sitting in her stead, and shall then and there present the attached Motion to Compel Complete and Proper Discovery Responses from Experian Information Solutions, Inc. to Plaintiff's Discovery, a copy of which is hereby served upon you.

Dated: December 12, 2003

## CERTIFICATE OF SERVICE

I, the undersigned, certify that I have this 12th day of December, 2003, caused copies of the Motion to Compel Complete and Proper Discovery Responses from Experian Information Solutions, Inc.to Plaintiff's Discovery, in the above-captioned matter to be served via first class mail on all counsel listed on the attached service list.

Lisa M. Raimondi
Michelle D. Orton
Raimondi & Orton, Ltd.
4305 North Lincoln Avenue
Chicago, Illinois 60618
(773) 296-6583

## SERVICE LIST

Beth A. O'Connor
Jones Day
77 West Wacker
Chicago, Illinois 60601

I. Brian Marquez
Ross & Hardies
150 N. Michigan, Suite 2500
Chicago, Illinois 60601
(without exhibits)

Dana Hill
Seyfarth Shaw
55 E. Monroe Street, Suite 4200
Chicago, Illinois 60603
(without exhibits)

David Waddell
Seyfarth Shaw
700 Louisiana, Suite 3850
Houston, TX 77002-2731
(without exhibits)

J. Anthony Love
Kilpatrick Stockton LLP
1100 Peachtree St., Suite 2800
Atlanta, Georgia 30309
(without exhibits)

Monica L. Thompson
Daniel O. Halvorsen
Piper Rudnick
203 N. LaSalle Street, Suite 1800
Chicago, Illinois 60601
(without exhibits)

Elliot Richardson
 Richardson Stasko Boyd & Mack
19 S. LaSalle Street, Suite 1500
Chicago, Illinois 60603

**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION 1 2 2003

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| DENISE RUTHER, | ) | |
| | ) | |
| Plaintiff, | **DOCKETED** ) | No. 02 C 8777 |
| | ) | |
| v. | DEC 1 7 2003 ) | |
| | ) | Judge Bucklo |
| CHASE NA, TRANS UNION LLC, | ) | Magistrate Judge Ashman |
| EQUIFAX INFORMATION SERVICES, LLC, | ) | |
| and EXPERIAN INFORMATION SOLUTIONS, | ) | |
| INC. | ) | |
| | ) | |
| Defendants. | | |

### PLAINTIFF, DENISE RUTHER'S, MOTION TO COMPEL COMPLETE AND PROPER DISCOVERY RESPONSES FROM DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC. TO PLAINTIFF'S DISCOVERY

NOW COMES Plaintiff, Denise Ruther, by and through her attorneys, Raimondi & Orton,

Ltd. and Richardson, Stasko, Boyd & Mack, LLC, and hereby moves this Honorable Court to

compel Defendant, Experian Information Solutions, Inc. ("Experian") to provide complete and

proper responses to Plaintiff's First Request for Production of Documents and Plaintiff's First

Request for Admissions. In support of said motion, Plaintiff states as follows:

### INTRODUCTION

Despite repeated requests from Plaintiff, Experian seeks to withhold discoverable

documentation and information from Plaintiff, through its continued refusal to comply with its

discovery obligations. Experian must cease its efforts to obstruct discovery and tender full and

complete responses to Plaintiff's production requests. Plaintiff further requests that her Request

for Admissions be deemed admitted in accordance with FRCP 36(a).

### BACKGROUND

1

On June 10, 2003, Plaintiff tendered Requests for Production of Documents to Experian. (See Plaintiff's Request for Production of Documents attached as Exhibit A). On or about October 8, 2003, Plaintiff tendered Plaintiff's Request for Admissions to Experian. (See Request for Admissions attached as Exhibit B). On or about August 15, 2003, Experian tendered its objections and responses to Plaintiff's First Request for Production of Documents. (See Experian Information Solutions, Inc.'s Response to Plaintiff's First Request for Documents attached as Exhibit C). On or about November 10, 2003, Experian tendered its objections and responses to Plaintiff's Request for Admissions. (See Defendant Experian Information Solutions, Inc.'s Responses to Plaintiff's Request for Admissions attached as Exhibit D).

Plaintiff's counsel reviewed the responses provided by Experian and determined that they were fundamentally flawed. On or about September 2, 2003, Plaintiff's counsel sent a letter to Beth A. O'Connor, counsel for Experian, regarding, among other things, the inadequacy of Experian's responses to Plaintiff's Document Requests. (See affidavit of Lisa M. Raimondi attached hereto as Exhibit E). On October 6, 2003, after not receiving a response to the September 2nd letter and after being unsuccessful in reaching Experian's counsel via telephone, Plaintiff's counsel sent a follow-up letter to Ms. O'Connor. (See Exhibit E) On November 5, 2003, after still not receiving the requested documents, Plaintiff's counsel, in an email to Ms. O'Connor, once again requested that the documents be produced. (See Exhibit E) On November 10, 2003, a Rule 37.2 conference was held via telephone between Ms. Raimondi and Ms. O'Connor. The agreements reached during the 37.2 conference were confirmed in a November 10, 2003, letter. (See Exhibit E) Although many of the items were resolved during the conference, despite good faith efforts by both parties, the following disputes still remain.

2

I.    EXPERIAN'S OBJECTIONS SHOULD BE STRICKEN AND DISCOVERY
      RESPONSES COMPELLED.

Experian should be ordered to fully and properly respond to Plaintiff's discovery. The

flaws and deficiencies of Experian's responses are outlined below.

Request for Production Nos. 3-6 and 9

In Plaintiff's Request for Production of Documents Nos. 3, 4, 5, 6, and 9, she requested

that Experian provide her with its operation manuals or documents regarding the collecting,

reporting, archiving or storing of consumer credit information where the consumer is an

authorized user, where the consumer is jointly liable on an account, where the consumer has filed

for bankruptcy or an account was included in bankruptcy, where the consumer has a fraud alert

on her credit report and documents explaining its policies regarding reinvestigation of disputed

consumer accounts. Experian has objected that the information sought by Plaintiff is confidential

and proprietary. Experian's objection should be stricken and it should be compelled to properly

respond to Plaintiff's requests.

Although Experian has claimed that this information is confidential and proprietary, it has

failed to provide Plaintiff with an adequate basis for the entry of a protective order and Plaintiff

cannot ascertain how her requested documents contain information that is confidential and

proprietary. As stated by Magistrate Judge Keys in Zahran v. Trans Union Corp. et al., No. 01 C

1700, 2002 WL 31010822 (N.D. Ill. Sept. 9, 2002), in denying the entry of a protective order,

documents "that outline procedures for consumer relations personnel to handle consumer credit

disputes, are not rocket science." He further reasoned that function keys, keystrokes, data entry

instructions, and general computer codes are not a "formula, pattern, device or compilation of

information" that give a consumer reporting agency an advantage over competitors and warrant a

protective order. Id. at *3. Plaintiff does not believe that the documents Experian is withholding in this case contains any information different from that in Zahran which the court determined were not confidential.

Moreover, Plaintiff believes that this is also true of the information contained in Experian's Administrative Log, Dispute Resolution Log and Disclosure Log. There is nothing about these reports that would assist or aid a competitor in gaining an edge in the industry. In fact, Plaintiff believes that the information in these documents contain codes that are standardized in industry. Plaintiff does not believe that these documents display any algorithms or programming that is responsible for the formulation, storage or retrieval of consumer reports. Instead, the documents that Experian has failed to produce to Plaintiff are a few of the vital pieces to determine what, if anything, was done to handle disputed data and credit reporting problems.

By broadly objecting to Plaintiff's requests on the basis that the documents contain confidential and proprietary information, Experian is simply attempting to thwart the free flow of information and prevent Plaintiff's counsel from obtaining the records necessary to litigate Plaintiff's case. Parties should not be allowed to seal whatever they want, "for then the interest in publicity will go unprotected unless the media are interested in the case and move to unseal." Citizens First National Bank of Princeton v. Cincinnati Insurance Co., 178 F.3d 943, 945 (7th Cir. 1999). In Citizens, the Seventh Circuit held that it is improper to give carte blanche to either party to seal whatever portions of the record the party wants to seal because "the parties to a lawsuit are not the only people who have a legitimate interest in the record compiled in a legal proceeding" Id. at 944. As a protective order is not warranted, Experian should be required to

4

provide Plaintiff with the requested documents immediately.[1]

Document Request No. 10

In Document Request No. 10, Plaintiff requested that Experian provide her with copies of all CDV (consumer dispute verification) forms and ACDV (automated consumer dispute verification) forms regarding Plaintiff or any of the credit accounts contained in her credit file with Experian, including Chase Account Numbers 5323 5018 1066 5188 and 5369 9002 2005 3776. Although Experian has produced ACDV's responsive to Plaintiff's request, it has not produced the August 2002 ACDV. This ACDV contains Experian's reinvestigation that is the subject of this lawsuit. In response to Plaintiff's repeated requests for this document, Experian has informed Plaintiff that it cannot locate this document, however, it is continuing to look for it and will provide it if it is ever located. Plaintiff has been requesting this document since June 2003, and it is imperative that Plaintiff be provided with this document immediately if the document exists and Experian intends to rely on it. As Experian has had more than sufficient time to locate this document, Plaintiff requests that Experian be compelled to produce this document immediately. In the event that it cannot do so, Plaintiff requests that Experian be barred from using this document at trial.

Request for Admissions

---

[1] In the event that Experian attempts to move this Court for an entry of such a protective order, Experian has failed to do so prior to the time its discovery was due and thus, is barred from asserting this objection now. "Ordinarily [a protective] order must be obtained before the date set for the discovery, and failure to move at that time will be held to preclude objection later. . ." United States v. Panhandle Eastern Corp., 118 F.R.D. 346, 350 (D. Del. 1988). This is true even if the movant has made a showing of good cause. Nestle Foods Corp. v. Aetna Casualty and Surety Co., 129 F.R.D. 483, 487 (D. N.J. 1990) citing United States v. Panhandle Eastern Corp., 118 F.R.D. 346 (D. Del. 1988).

On or about October 8, 2003, Plaintiff tendered Plaintiff's Request for Admissions to Experian. (See Exhibit B) On or about November 10, 2003, Experian tendered its responses to Plaintiff. (See Exhibit C). Experian's responses to Plaintiff's Requests for Admissions fail to meet the requirements of Rule 36 of the Federal Rules of Civil Procedure. Specifically, as explained below, Experian's responses to Nos. 4-13 and No. 16 are deficient and Plaintiff requests that Experian be compelled to properly respond to these Requests.

<u>Request for Admissions Nos. 4-13</u>

With regards to Nos. 4-13, in its Responses, Experian, in addition to making baseless objections, does not actually admit or deny any of the statements contained in Plaintiff's Requests. For example, in Request No. 5, Plaintiff requested that Experian admit that "at no time did Experian contact Chase NA via telephone regarding Plaintiff's dispute dated August 15, 2002." Experian's response states: "In addition to its General Objections, Experian objects to this request because it is vague and ambiguous with respect to the phrase 'Plaintiff's dispute dated August 15, 2002.' Subject to and without waiving its objections, Experian admits that in response to Plaintiff's August 2002 letter, Experian conducted a reinvestigation of, among other things, the Chase NA account, which is the subject of this lawsuit, by sending an ACDV to Chase indicating the nature of Plaintiff's dispute on the ACDV, in accordance with the requirements of the FCRA. Experian denies any remaining allegations in this Request."

Experian's response does not comport with Rule 36. Rule 36 requires that a party upon whom a request to admit has been served "shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter." Fed. R. Civ. P. 36(b). If the court determines that an answer to a request to admit does not comply with the

6

requirements of this rule, the court may order either that the matter is admitted or that an

amended answer be served. In her Request for Admissions, Plaintiff requested that Experian

admit that it did not contact Chase via telephone regarding Plaintiff's dispute. Plaintiff did not

request that Experian admit that it conducted a reinvestigation or admit that it sent an ACDV

form to Chase. Thus, Experian did not specifically deny the Plaintiff's Request as required by

Rule 36. Instead, Experian admits a statement not requested by Plaintiff, that is in essence a

legal conclusion that articulates Experian's defense to the underlying action. This is inadequate

under Rule 36. *See*, Meyer v. Southern Pacific Lines, 199 F.R.D. 610, 615 (N.D. Ill. 2001).

(Court required party to properly respond to requests to admit after it did not respond to

requested statement but simply responded with its defense). Experian's Responses to Nos. 4 and

6-13 are similar in nature. As Experian has failed to comply with the requirement of Rule 36 and

its answers are completely unresponsive, Plaintiff requests that this Court deem Plaintiff's

Request for Admissions admitted.

Request No. 16

Experian has also objected to Request No. 16 as vague, ambiguous and confusing.

Request No. 16 requests that Experian admit that "if a fraud alert is added to a consumer's file,

that alert can be seen by Experian's employees even if that alert no longer appears on a

consumer's credit report." Plaintiff does not understand what is so difficult to comprehend about

this request that Experian could not admit or deny this statement. Therefore, Plaintiff requests

that this Court compel Experian to properly respond to this Request.

II.     PLAINTIFF HAS COMPLIED WITH LOCAL RULE 37.2.

After receiving Experian's responses to Plaintiff's Interrogatories and Document

Requests, on September 2, 2003, counsel for the Plaintiff, Michelle D. Orton, in an attempt to resolve the parties' differences, drafted a letter to Beth O'Connor, counsel for Experian, addressing various deficiencies in Experian's discovery responses. (See Exhibit 1 attached to Exhibit E). After no response was received, on October 6, 2003, a follow-up letter was sent to Ms. O'Connor. (See Exhibit 2 attached to Exhibit E). On November 5, 2003, after still not receiving the requested documents and responses, Plaintiff's counsel, in an email to Ms. O'Connor, once again requested that the documents be produced (See Exhibit E) On November 10, 2003, a Rule 37.2 conference was held via telephone. Various items were discussed and agreed upon. The agreements reached during the 37.2 conference were confirmed in the November 10, 2003, letter Plaintiff's counsel sent Ms. O'Connor. (See Exhibit 3 attached to Exhibit E) Although several of the disputes between the parties were addressed during the Rule 37.2 conference, despite good faith efforts by both parties, the foregoing disputes could not be resolved.

WHEREFORE, Plaintiff hereby requests that this Honorable Court grant her motion to compel proper and complete responses to Plaintiff's Request for Production of Documents and have deemed admitted the requests contained in Plaintiff's Request for Admissions, and for any further relief this Court deems fair and just.

DATED: December 12, 2003

Respectfully submitted,

One of Plaintiff's Attorneys

8

Lisa M. Raimondi
Michelle D. Orton
Raimondi & Orton, Ltd.
4305 North Lincoln Avenue
Chicago, Illinois 60618
(773) 296-6583

Elliot Richardson
Richardson Stasko Boyd & Mack, LLC
19 South LaSalle Street, Suite 1500
Chicago, Illinois 60603
(312) 372-7075

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

DENISE L. RUTHER,                    )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )        Case No. 02 C 8777
                                     )
CHASE, NA, TRANS UNION LLC,          )
EQUIFAX INFORMATION SERVICES         )
LLC, AND EXPERIAN,                   )
                                     )
        Defendants.                  )

<u>PLAINTIFF, DENISE RUTHER'S FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS TO DEFENDANT, EXPERIAN</u>

The Plaintiff, DENISE RUTHER, requests that the Defendant answer, under oath,

in accordance with Rule 34 of the Federal Rules of Civil Procedure, the following request

for production of documents:

<u>INSTRUCTIONS AND DEFINITIONS</u>

A.      Answers to the Requests for Production of Documents must be furnished

within thirty (30) days of the service of these Requests.

B.      Unless otherwise specified in a particular paragraph, "Defendant" is to

mean EXPERIAN, its officers, employees or agents.

C.      Unless otherwise specified in a particular paragraph, provide the

information and documents requested for the period of one year prior to the date of filing

the complaint to the present.  Each document request is considered continuing, and if

Defendant obtains information that renders its answers or one of them, incomplete or

inaccurate, Defendant is obligated to serve amended answers on the undersigned.



D.      The terms "document" or "documents" in these Requests shall refer to all
writings and recorded materials, of any kind that are or have been in the possession,
control or custody of Defendant of which Defendant has knowledge, whether originals or
copies.  Such writings or recordings include, but are not limited to, contracts, documents,
notes, rough drafts, interoffice memoranda, memoranda for the files, letters, research
materials, correspondence, logs, diaries, forms, bank statements, tax returns, card files,
books of account, journals, ledgers, invoices, diagrams, drawings, computer files,
records, documents, data, print-outs or tapes, reports, statistical computations, studies,
graphs, charts, minutes, manuals, pamphlets, or books of all nature and kind whether
handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced, all
tape recordings (whether for computer, audio, or visual replay) or other written, printed,
and recorded matter or tangible things on which words, phrases, symbols or information
are recorded.

## REQUESTS

1.      All documents relating specifically to Chase Account Numbers 5323 5018
1066 5188 and 5369 9002 2005 3776.

2.      All correspondence between you and Plaintiff relating to Chase Account
Numbers 5323 5018 1066 5188 and 5369 9002 2005 3776.

3.      All operation manuals or documents containing policies used or
promulgated by you regarding the collecting, reporting, archiving or storing of consumer
credit information where the consumer is an authorized user.

4.      All operation manuals or documents containing policies used or
promulgated by you regarding the collecting, reporting, archiving or storing of consumer

credit information where the consumer is jointly liable on an account.

5.     All operation manuals or documents containing policies used or promulgated by you regarding the collecting, reporting, archiving or storing of consumer credit information where the consumer has filed bankruptcy or where the consumer credit account has been included in bankruptcy.

6.     All operation manuals or documents containing policies used or promulgated by you regarding the collecting, reporting, archiving or storing of consumer credit information where the consumer a fraud alert on their credit report.

7.     All correspondence or other documents between you and any other defendant in this case regarding Plaintiff, or regarding Chase Account Numbers 5323 5018 1066 5188 and 5369 9002 2005 3776.

8.     Copies of all correspondence between you and Plaintiff.

9.     All documents explaining your policies regarding reinvestigation of disputed consumer accounts.

10.     Copies of all CDV (consumer dispute verification) forms and ACDV (automated consumer dispute verification) forms regarding Plaintiff or any of the credit accounts contained in her credit file with you, including Chase Account Numbers 5323 5018 1066 5188 and 5369 9002 2005 3776.

11.     All documents containing the historical status of Chase Account Numbers 5323 5018 1066 5188 and 5369 9002 2005 3776.

12.     All documents analyzing or tallying the number of consumer disputes completed by you on an hourly, weekly, monthly or yearly basis.

13.     All documents responsive to Plaintiff's First Set of Interrogatories served

contemporaneously with this Request for Production of Documents.

14.     Copies of all reports and documents utilized by an expert that Defendant

proposes to call at trial.

15.     All exhibits that Defendant proposes to introduce at trial.

DATED: June 10, 2003

Respectfully submitted,

Lisa M. Raimondi
Michelle D. Orton
Raimondi & Orton, Ltd.
4305 N. Lincoln Avenue
Chicago, Illinois 60618
(773) 296-6583
(773) 442-0688 Facsimile
Attorneys for Plaintiff

Elliot Richardson
Richardson Stasko Boyd & Mack
19 South LaSalle Street, Suite 1500
Chicago, Illinois 60603
(312) 372-7075
(312) 372-7076 Facsimile
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Plaintiff, Denise Ruther's First Request for Production of Documents to Defendant, Experian was mailed, first class, postage prepaid, on the 10th day of June, 2003 to the following counsel for Defendants:

Beth A. O'Connor
Jones Day
77 West Wacker
Chicago, Illinois 60601

Lisa M. Raimondi

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

DENISE L. RUTHER,            )
                             )
             Plaintiff,      )
                             )
v.                           )          Case No. 02 C 8777
                             )
CHASE, NA, TRANS UNION LLC,  )
EQUIFAX INFORMATION SERVICES )
LLC, AND EXPERIAN,           )
                             )
             Defendants.     )

### REQUEST FOR AMISSIONS TO DEFENDANT, EXPERIAN

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff requests

Defendant Chase NA, to admit or deny the truth of the following:

1.    Plaintiff is a "consumer" as defined by § 603(c) of the Fair Credit Reporting Act.

2.    Defendant Experian is a credit reporting agency as that term as defined by §

      603(p) of the Fair Credit Reporting Act.

3.    In response to Plaintiff's consumer dispute dated August 15, 2003, (attached

      hereto as Exhibit A), Experian sent an automated consumer dispute verification

      form ("ACDV form") electronically to Chase NA on or around August 19, 2003.

4.    At no time before the present lawsuit did Experian forward a copy of Plaintiff's

      letter dated August 15, 2003, to Chase NA.

5.    At no time did Experian contact Chase NA via telephone regarding Plaintiff's

      dispute dated August 15, 2003.

6.    Experian's investigation of Plaintiff's dispute of August 15, 2003, consisted



solely of sending an ACDV form to Chase NA.

7.    Experian never requested proof in the form of documentation from Chase NA that

       Plaintiff was contractually liable on Chase account number 5323 5018 1066 5188.

8.    Experian never received proof in the form of documentation from Chase NA that

       Plaintiff was contractually liable on Chase account number 5323 5018 1066 5188

       signed by Plaintiff.

9.    Experian never requested or received a contract signed by Plaintiff showing that

       she was contractually liable as a joint account holder on Chase account number

       5323 5018 1066 5188.

10.   The documents produced by Defendant Experian in response to Plaintiff's First

       Request for Production of Documents, labeled EXP 0001 - EXP 0064 are the only

       documents that pertain to or reference Plaintiff and Chase account number 5323

       5018 1066 5188.

11.   The only communication Experian has ever received from Chase NA regarding

       Chase account number 5323 5018 1066 5188 is an ACDV form, represented by

       the document labeled EXP 0059 - EXP 0061.

12.    A representative of Experian never contacted Chase via telephone to discuss that

       Plaintiff disputed the reporting of Chase account 5323 5018 1066 5188 as her

       account on her credit report.

13.   Chase never provided Experian with the social security number of the cardholder

       for Chase account number 5323 5018 1066 5188 in response to Experian's notice

       of dispute by a consumer.

14.   Experian never contacted Plaintiff in writing to request more information

regarding her dispute of August 15, 2003.

15.     Experian never contacted Plaintiff via telephone regarding her dispute of August

15, 2003.

16.     If a fraud alert is added to a consumer's file, that alert can be seen by Experian's

employees even if that alert no longer appears on a consumer's credit report.


DATED:    10/8/03


Respectfully submitted,


Lisa M. Raimondi
Michelle D. Orton
Raimondi & Orton, Ltd.
4305 N. Lincoln Avenue
Chicago, Illinois 60618
(773) 296-6583
(773) 442-0688
Attorneys for Plaintiff

Elliot Richardson
Richardson Stasko Boyd & Mack
19 South LaSalle Street, Suite 1500
Chicago, IL 60603
(312) 372-7075
(312) 372-7076 Facsimile
Firm No: 37290
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DISTRICT

DENISE RUTHER,                          )
                                        )
    Plaintiff,                          )
                                        )       No. 02 C 8777
v.                                      )
                                        )       Judge Bucklo
CHASE NA, TRANS UNION LLC,              )       Magistrate Judge Ashman
EQUIFAX INFORMATION SERVICES, LLC,      )
and EXPERIAN,                           )
                                        )
    Defendants.                         )

## CERTIFICATE OF SERVICE

    I, the undersigned, certify that I have this 8th day of October, 2003, caused copies of Plaintiff's Request to Admit to Experian in the above-captioned matter to be served via first class mail on counsel listed on the attached service list.

_____
Michelle D. Orton

Lisa M. Raimondi
Michelle D. Orton
Raimondi & Orton, Ltd.
4305 North Lincoln Avenue
Chicago, Illinois 60618
(773) 296-6583

## SERVICE LIST

Beth A. O'Connor
Jones Day
77 West Wacker
Chicago, Illinois 60601

I. Brian Marquez
David L. Hartsell
Ross & Hardies
150 N. Michigan, Suite 2500
Chicago, Illinois 60601

Dana Hill
Seyfarth Shaw
55 E. Monroe Street, Suite 4200
Chicago, Illinois 60603

David Waddell
Seyfarth Shaw
700 Louisiana, Suite 3850
Houston, TX 77002-2731

J. Anthony Love
Kilpatrick Stockton LLP
1100 Peachtree St., Suite 2800
Atlanta, Georgia 30309

Monica L. Thompson
Daniel O. Halvorsen
Riper Rudnick
203 N. LaSalle Street, Suite 1800
Chicago, Illinois 60601

Elliot Richardson
Richardson & Stasko, LLP
19 S. LaSalle Street, Suite 1500
Chicago, Illinois 60603

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DENISE L. RUTHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 02 C 8777 |
| CHASE, NA, TRANS UNION LLC, | ) | |
| EQUIFAX INFORMATION SERVICES LLC, | ) | |
| AND EXPERIAN, | ) | |
| | ) | |
| Defendants. | ) | |

**EXPERIAN INFORMATION SOLUTIONS, INC.'S
RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Experian

Information Solutions, Inc. ("Experian"), through its attorney, responds to Plaintiff's Requests for

Production ("Requests") as follows:

**PRELIMINARY STATEMENT**

Although Experian has made a diligent and good faith effort to obtain the information

with which to respond to Plaintiff's Requests, discovery in this matter has just commenced and

Experian anticipates that additional information may be obtained which might affect the

responses herein. Moreover, Experian has not yet completed its investigation of this matter.

Accordingly, all of the following responses are given without prejudice to and with the express

reservation of Experian's right to supplement or modify its objections and responses to the extent

required by applicable law to incorporate later discovered information, and to rely upon any and

all such information and documents at trial or otherwise. Likewise, Experian shall not be

prejudiced if any of its present objections and responses are based upon incomplete knowledge or

comprehension of the facts, events or occurrence involved in this matter.

CHI-1364711v1



EXHIBIT C

Experian also has objected and responded to Plaintiff's Requests based upon Experian's best, good faith understanding of each item therein. Accordingly, if Plaintiff subsequently asserts a different interpretation than presently understood by Experian, Experian reserves the right to supplement or amend these objections and responses.

## GENERAL OBJECTIONS

1.     Experian objects to these Requests to the extent they call upon it to provide information protected by the attorney-client privilege and/or the work-product doctrine or because they otherwise call upon Experian to disclose the mental impressions, conclusions, opinions, or legal theories of Experian or its attorneys.

2.     Experian objects to Plaintiff's Requests to the extent they are inconsistent with or expand the scope of permissible discovery under the Federal Rules of Civil Procedure.

3.     Experian objects to Plaintiff's Requests to the extent that they are duplicative.

4.     A partial response to any request that has been objected to in whole or in part is not a waiver of that objection. By asserting various objections, Experian does not waive any other objections that may become applicable.

5.     Experian's responses are made without waiving any objections to relevance, privilege or admissibility of any information provided in response to Plaintiff's Requests in any subsequent proceeding or at the trial of this or any other action.

6.     Experian objects to Plaintiff's Requests that are not confined to a relevant time period because they are overly broad, vague and not relevant or reasonably calculated to lead to the discovery of admissible evidence.

7.     Experian objects to Plaintiff's Requests to the extent they are premature. Experian continues to investigate and may obtain additional documents responsive to Plaintiff's Requests.

8.    Experian objects to Plaintiff's Requests to the extent they seek documents that are not relevant to any defense or claim in this action.

9.    Experian objects to the Requests to the extent they seek the production of highly confidential, proprietary, or otherwise commercially sensitive information or trade secrets. A draft protective order is enclosed herewith.

10.    Experian objects to Plaintiff's Instructions on the grounds that they are overly broad, unduly burdensome, and purport to require Experian to perform tasks beyond its obligations under the Federal Rules of Civil Procedure.

11.    Experian objects to the definition of "You," on the grounds that it is so unduly overbroad and not limited in time or scope in a manner relevant to the material issues in the pending action or reasonably calculated to lead to the discovery of admissible evidence that formulating responses these Requests using such a definition would be unduly burdensome and oppressive. This definition is particularly objectionable in that it is not limited to Experian's managing agents or department heads, but is so broadly phrased as to purport to include each and every Experian employee as well as any person with whom Experian has a contract or a "legal relationship, in the broadest sense." Thus, it is not only burdensome and oppressive, but as a practical matter, an impossibility for Experian to frame meaningful responses to these Requests which utilize this objectionably broad definition. Accordingly, Experian will respond to these Requests only to the extent that the terms "Experian" and "You" are interpreted to mean and include only the entity, Experian Information Solutions, Inc.

12.    Experian objects to the definition of "Identify" on the grounds that it is overly broad and unduly burdensome and seeks information not relevant to the material issues in the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

13.     Experian incorporates the foregoing General Objections and limitations into each

of the following specific responses, which responses are made subject to and without waiver of

those General Objections.

## RESPONSES TO PRODUCTION REQUESTS

1.     All documents relating specifically to Chase Account Numbers 5323 5018 1066
5188 and 5369 9002 2005 3776.

**RESPONSE:** In addition to its General Objections, Experian objects to this Request because it

(i) is vague and ambiguous; (ii) is overly broad; (iii) seeks information that is confidential and/or

proprietary; (iv) seeks information that is neither relevant nor reasonably calculated to lead to the

discovery of admissible evidence; and (v) seeks information that is outside of Experian's custody,

care, control or possession.


Subject to and without waiving its objections, Experian states that it will produce non-

privileged, non-confidential documents responsive to this Request.


2.     All correspondence between you and Plaintiff relating to Chase Account Numbers
5323 5018 1066 5188 and 5369 9002 2005 3776.

**RESPONSE:** In addition to its General Objections, Experian objects to this Request because it

(i) is vague and ambiguous; (ii) is overly broad; (iii) seeks information that is confidential and/or

proprietary; and (iv) seeks information that is neither relevant nor reasonably calculated to lead to

the discovery of admissible evidence.


Subject to and without waiving its objections, Experian states that it will produce non-

privilege, non-confidential documents responsive to this Request.

3.    All operation manuals or documents containing policies used or promulgated by you regarding the collecting, reporting, archiving or storing of consumer credit information where the consumer is an authorized user.

**RESPONSE:** In addition to its General Objections, Experian objects to this Request because it

(i) is vague and ambiguous; (ii) overly broad and burdensome; (iii) seeks confidential and/or

proprietary information; and (iv) seeks information that is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, Experian states that it will produce non-

privileged, non-confidential documents responsive to this Request.

4.    All operation manuals or documents containing policies used or promulgated by you regarding the collecting, reporting, archiving or storing of consumer credit information where the consumer is jointly liable on an account.

**RESPONSE:** In addition to its General Objections, Experian objects to this Request because it

(i) is vague and ambiguous; (ii) overly broad and burdensome; (iii) seeks confidential and/or

proprietary information; and (iv) seeks information that is neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, Experian states that it will produce non-

privileged, non-confidential documents responsive to this Request.

5.    All operation manuals or documents containing policies used or promulgated by you regarding the collecting, reporting, archiving or storing of consumer credit information where the consumer has filed bankruptcy or where the consumer credit account has been included in bankruptcy.

**RESPONSE:** In addition to its General Objections, Experian objects to this Request because it

(i) is vague and ambiguous; (ii) overly broad and burdensome; (iii) seeks confidential and/or

proprietary information; and (iv) seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, Experian states that it will produce non-privileged, non-confidential documents responsive to this Request.

6.      All operation manuals or documents containing policies used or promulgated by you regarding the collecting, reporting, archiving or storing of consumer credit information where the consumer a fraud alert on their credit report.

**RESPONSE:** In addition to its General Objections, Experian objects to this Request because it (i) is vague and ambiguous; (ii) overly broad and burdensome; (iii) seeks confidential and/or proprietary information; and (iv) seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, Experian states that it will produce non-privileged, non-confidential documents responsive to this Request.

7.      All correspondence or other documents between you and any other defendant in this case regarding Plaintiff, or regarding Chase Account Numbers 5323 5018 1066 5188 and 5369 9002 2005 3776.

**RESPONSE:** In addition to its General Objections, Experian objects to this Request because it (i) is vague and ambiguous; (ii) is overly broad; and (iii) seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, Experian states that it will produce non-privileged, non-confidential documents responsive to this Request.

8.      Copies of all correspondence between you and Plaintiff.

**RESPONSE:** In addition to its General Objections, Experian objects to this Request because it (i) is vague and ambiguous; (ii) is overly broad; and (iii) seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, Experian states that it will produce non-privileged, non-confidential documents responsive to this Request.

9.      All documents explaining your policies regarding reinvestigation of disputed consumer accounts.

**RESPONSE:** In addition to its General Objections, Experian objects to this Request because it (i) is vague and ambiguous; (ii) is overly broad and burdensome; (iii) seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; and (iv) seeks confidential and/or proprietary information.

Subject to and without waiving its objections, Experian states that it will produce non-privileged, non-confidential documents responsive to this Request.

10.      Copies of all CDV (consumer dispute verification) forms and ACDV (automated consumer dispute verification) forms regarding Plaintiff or any of the credit accounts contained in her credit file with you, including Chase Account Numbers 5323 5018 1066 5188 and 5369 9002 2005 3776.

**RESPONSE:** In addition to its General Objections, Experian objects to this Request because it (i) is vague and ambiguous; (ii) is overly broad; (iii) seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, Experian states that it will produce non-privileged, non-confidential documents responsive to this Request.

11.    All documents containing the historical status of Chase Account Numbers 5323 5018 1066 5188 and 5369 9002 2005 3776.

**RESPONSE:** In addition to its General Objections, Experian objects to this Request because it (i) is vague and ambiguous; (ii) is overly broad; (iii) seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, Experian states that it will produce non-privileged, non-confidential documents responsive to this Request.

12.    All documents analyzing or tallying the number of consumer disputes completed by you on an hourly, weekly, monthly or yearly basis.

**RESPONSE:** In addition to its General Objections, Experian objects to this Request because it (i) is vague and ambiguous; (ii) overly broad and burdensome; (iii) seeks confidential and/or proprietary information; and (iv) seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, Experian states that it will produce non-privileged, non-confidential documents responsive to this Request.

13.    All documents responsive to Plaintiff's First Set of Interrogatories served contemporaneously with this Request for Production of Documents.

**RESPONSE:** In addition to its General Objections, Experian objects to this Request because it (i) is vague and ambiguous; (ii) overly broad and burdensome; (iii) seeks confidential and/or proprietary information; and (iv) seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, Experian states that it will produce non-privileged, non-confidential documents responsive to this Request.

14.     Copies of all reports and documents utilized by an expert that Defendant proposes to call at trial.

**RESPONSE:** In addition to its General Objections, Experian objects to this Request as premature. Experian states that it will disclose any expert names and reports that it intends to call at trial in accordance with the scheduling order entered in this case.

15.     All exhibits that Defendant proposes to introduce at trial.

**RESPONSE:** In addition to its General Objections, Experian objects to this Request as it is premature as Experian has not yet determined what exhibits it will introduce at trial. Experian states that it will supplement this Request.

Dated:  August 15, 2003                    Respectfully submitted,


                                           Beth A. O'Connor
                                           JONES DAY
                                           77 West Wacker Drive
                                           Chicago, IL  60601-1692
                                           Telephone:  (312) 782-3939
                                           Facsimile:  (312) 782-8585

                                           Counsel for Defendant
                                           Experian Information Solutions, Inc.

## CERTIFICATE OF SERVICE

I, Beth A. O'Connor, certify that on August 15, 2003, a true and correct copy of the

foregoing document was sent via facsimile and first class mail to:

Lisa Raimondi
Raimondi & Orton, Ltd.
4305 North Lincoln Ave.
Chicago, Illinois 60618

David Waddell
Seyfarth Shaw
700 Louisiana
Suite 3850
Houston, Texas 77002-2731

Daniel Halvorsen
Piper Rudnick
203 N. LaSalle Street
Suite 1800
Chicago, Illinois 60601

J. Anthony Love
Kilpatrick Stockton LLP
Suite 2800
1100 Peachtree Street
Atlanta, Georgia 30309

Beth A. O'Connor

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

DENISE L. RUTHER,

        Plaintiff,

    v.

CHASE, NA, TRANS UNION LLC,
EQUIFAX INFORMATION SERVICES LLC,
AND EXPERIAN,

        Defendant.

Civil Action No.  02 C 8777

## DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S
## RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS

NOW COMES Defendant Experian Information Solutions, Inc. ("Experian"), by its

attorney, responds to Plaintiff's Requests for Admissions ("Requests"), as follows:

### PRELIMINARY STATEMENT

Although Experian has made a diligent and good faith effort to obtain the information

with which to respond to Plaintiff's Requests, discovery in this matter has just commenced and

Experian anticipates that additional information may be obtained which might affect the

responses herein.  Moreover, Experian has not yet completed its investigation of this matter.

Accordingly, all of the following responses are given without prejudice to and with the express

reservation of Experian's right to supplement or modify its objections and responses to the extent

required by applicable law to incorporate later discovered information, and to rely upon any and

all such information and documents at trial or otherwise.  Likewise, Experian shall not be

prejudiced if any of its present objections and responses are based on incomplete knowledge or

comprehension of the facts, events or occurrences involved in this matter.



Experian also has objected and responded to Plaintiff's Requests for Admissions based upon Experian's best, good faith understanding and interpretation of each item therein. Accordingly, if Plaintiff subsequently asserts a different interpretation than presently understood by Experian, Experian reserves the right to supplement or amend these objections and responses.

## GENERAL OBJECTIONS

1.      Experian objects to Plaintiff's Requests to the extent they call upon Experian to provide information that is protected by the attorney-client privilege and/or the work-product doctrine or because they otherwise call upon Experian to disclose the mental impressions, conclusions, opinions, or legal theories of Experian or its attorneys.

2.      Experian objects to Plaintiff's Requests to the extent they are inconsistent with or expand the scope of permissible discovery under the Federal Rules of Civil Procedure.

3.      Experian objects to Plaintiff's Requests to the extent they are duplicative.

4.      A partial answer to any Request that has been objected to in whole or in part is not a waiver of that objection. By asserting various objections, Experian does not waive any other objections that may become applicable. To the extent that any Request is not expressly admitted, it is denied.

5.      Experian's responses are made without waiving any objections to relevance, privilege or admissibility of any information provided in response to Plaintiff's Requests in any subsequent proceeding or at the trial of this or any other action.

6.      Experian objects to Plaintiff's Requests that are not confined to a relevant time period because they are overly broad, vague and not relevant or reasonably calculated to lead to the discovery of admissible evidence.

7.      Experian objects to Plaintiff's instructions on the grounds that they are overbroad, unduly burdensome, and purports to require Experian to perform tasks beyond its obligations under the Federal Rules of Civil Procedure.

8.      Experian objects to Plaintiff's Requests to the extent they are premature. Experian continues to investigate and may obtain additional information responsive to Plaintiff's Requests.

9.      Experian objects to Plaintiff's Requests to the extent they seek information that is not relevant to any defense or claim in this action.

10.     Experian objects to Plaintiff's definition of "You," because it is overbroad and is not limited in time or scope in a manner relevant to the material issues in the pending action or reasonably calculated to lead to the discovery of admissible evidence that formulating responses to discovery requests using this definition would be unduly burdensome. This definition is particularly objectionable in that it is not limited to Experian's managing agents or department heads, but is phrased so as to purport to include each and every Experian employee as well as any person with whom Experian has a contract or a "legal relationship, in the broadest sense." Thus, it is not only burdensome and oppressive, but as a practical matter, an impossibility for Experian to frame meaningful responses to discovery requests which utilize this overbroad definition. Accordingly, Experian will respond to these Requests only to the extent that the terms "Experian" and "You" are interpreted to mean and include only the entity, Experian Information Solutions, Inc.

11.     Experian objects to these Requests to the extent they seek the production of highly confidential, proprietary or otherwise commercially sensitive information or trade secrets.

12.     Experian objects to the definition of "Identify," on the grounds that the definition is unduly overbroad burdensome and seeks information not relevant to the material issues in the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

13.    Experian incorporates the foregoing General Objections and limitations into each of the following specific responses, which responses are made subject to and without waiver of these General Objections and limitations.

## RESPONSES TO REQUESTS FOR ADMISSIONS

1.    Plaintiff is a "consumer" as defined by § 603(c) of the Fair Credit Reporting Act.

**RESPONSE:** Subject to and without waiving its General Objections, Experian admits this Request.

2.    Defendant Experian is a credit reporting agency as that term as defined by § 603(p) of the Fair Credit Reporting Act.

**RESPONSE:** Subject to and without waiving its General Objections, Experian admits this Request.

3.    In response to Plaintiffs consumer dispute dated August 15, 2002, (attached hereto as Exhibit A), Experian sent an automated consumer dispute verification form ("ACDV form") electronically to Chase NA on or around August 19, 2002.

**RESPONSE:** Subject to and without waiving its General Objections, Experian admits this Request.

4.    At no time before the present lawsuit did Experian forward a copy of Plaintiffs letter dated August 15, 2002, to Chase NA.

**RESPONSE:** In addition to its General Objections, Experian objects to this Request because it is vague and ambiguous with respect to the phrase "At no time before the present lawsuit." Subject to and without waiving its objections, Experian admits that in response to Plaintiff's August 2002 letter, Experian conducted a reinvestigation of, among other things, the Chase NA account, which is the subject of this lawsuit, by sending an ACDV to Chase indicating the nature of Plaintiff's dispute on the ACDV, in accordance with the requirements of the FCRA. Experian denies any remaining allegations in this Request.

5. At no time did Experian contact Chase NA via telephone regarding Plaintiff's dispute dated August 15, 2002.

**RESPONSE:** In addition to its General Objections, Experian objects to this request because it is vague and ambiguous with respect to the phrase "Plaintiff's dispute dated August 15, 2002." Subject to and without waiving its objections, Experian admits that in response to Plaintiff's August 2002 letter, Experian conducted a reinvestigation of, among other things, the Chase NA account, which is the subject of this lawsuit, by sending an ACDV to Chase indicating the nature of Plaintiff's dispute on the ACDV, in accordance with the requirements of the FCRA. Experian denies any remaining allegations in this Request.

6. Experian's investigation of Plaintiffs dispute of August 15, 2002, consisted solely of sending an ACDV form to Chase NA.

**RESPONSE:** In addition to its General Objections, Experian objects to this Request because it is vague and ambiguous with respect to the phrase "investigation of Plaintiff's dispute of August 15, 2002, consisted solely of sending an ACDV form to Chase NA." Subject to and without waiving its objections, Experian admits that in response to Plaintiff's August 2002 letter, Experian conducted a reinvestigation of, among other things, the Chase NA account, which is the subject of this lawsuit, by sending an ACDV to Chase indicating the nature of Plaintiff's dispute on the ACDV, in accordance with the requirements of the FCRA. Experian denies any remaining allegations in this Request.

7. Experian never requested proof in the form of documentation from Chase NA that Plaintiff was contractually liable on Chase account number 5323 5018 1066 5188.

**RESPONSE:** In addition to its General Objections, Experian objects to this Request because it is vague and ambiguous with respect to the phrase "contractually liable." Subject to and without waiving its objections, Experian admits that in response to Plaintiff's August 2002 letter, Experian conducted a reinvestigation of, among other things, the Chase NA account, which

is the subject of this lawsuit, by sending an ACDV to Chase indicating the nature of Plaintiff's

dispute on the ACDV, in accordance with the requirements of the FCRA. Experian further

admits that in response to this ACDV, Chase indicated that the account belonged to Plaintiff.

Experian denies any remaining allegations in this Request.

8.     Experian never received proof in the form of documentation from Chase NA that
Plaintiff was contractually liable on Chase account number 5323 5018 1066 5188 signed by
Plaintiff.

**RESPONSE:** In addition to its General Objections, Experian objects to this Request

because it is vague and ambiguous with respect to the phrase "contractually liable." Subject to

and without waiving its objections, Experian admits that in response to Plaintiff's August 2002

letter, Experian conducted a reinvestigation of, among other things, the Chase NA account, which

is the subject of this lawsuit, by sending an ACDV to Chase indicating the nature of Plaintiff's

dispute on the ACDV, in accordance with the requirements of the FCRA. Experian further

admits that in response to this ACDV, Chase indicated that the Chase account belonged to

Plaintiff. Experian denies any remaining allegations in this Request.

9.     Experian never requested or received a contract signed by Plaintiff showing that
she was contractually liable as a joint account holder on Chase account number 5323 5018 1066
5188.

**RESPONSE:** In addition to its General Objections, Experian objects to this Request

because it is vague and ambiguous with respect to the phrase "contractually liable." Subject to

and without waiving its objections, Experian admits that in response to Plaintiff's August 2002

letter, Experian conducted a reinvestigation of, among other things, the Chase NA account, which

is the subject of this lawsuit, by sending an ACDV to Chase indicating the nature of Plaintiff's

dispute on the ACDV, in accordance with the requirements of the FCRA. Experian denies any

remaining allegations in this Request.

10.     The documents produced by Defendant Experian in response to Plaintiff's First Request for Production of Documents, labeled EXP 0001 - EXP 0064 are the only documents that pertain to or reference Plaintiff and Chase account number 5323 5018 1066 5188.

**RESPONSE:** Subject to and without waiving its objections, Experian states that although it has made a diligent and good faith effort to obtain the information with which to respond to Plaintiff's Requests for Production of Documents, discovery in this matter is continuing and Experian anticipates that additional documents may be obtained which may affect to responses herein. Accordingly, all of the foregoing responses are given without prejudice to and with the express reservation of Experian's right to supplement or modify its objections and responses to the extent required by applicable law to incorporate later discovered information, and to rely upon and all such information and documents at trial or otherwise.

11. The only communication Experian has ever received from Chase NA regarding Chase account number 5323 5018 1066 5188 is an ACDV form, represented by the document labeled EXP 0059 - EXP 0061.

**RESPONSE:** Subject to and without waiving its objections, Experian denies the allegations in this Request.

12.     A representative of Experian never contacted Chase via telephone to discuss that Plaintiff disputed the reporting of Chase account 5323 5018 1066 5188 as her account on her credit report.

**RESPONSE:** In addition to its General Objections, Experian objects to this Request because it (i) is vague and ambiguous with respect to the phrase "to discuss that Plaintiff disputed the reporting of Chase account 5323 5018 1066 5188 as her account on her credit report;" and (ii) is duplicative of Request No. 5. Subject to and without waiving its objections, Experian admits that in response to Plaintiff's August 2002 letter, Experian conducted a reinvestigation of, among other things, the Chase NA account, which is the subject of this lawsuit, by sending an ACDV to Chase indicating the nature of Plaintiff's dispute on the ACDV, in accordance with the requirements of the FCRA. Experian further admits that in response to this ACDV, Chase

indicated that the Chase account belonged to Plaintiff. Experian denies any remaining allegations in this Request.

13.   Chase never provided Experian with the social security number of the cardholder for Chase account number 5323 5018 1066 5188 in response to Experian's notice of dispute by a consumer.

**RESPONSE:** In addition to its General Objections, Experian objects to this Request because it is vague and ambiguous with respect to the phrase "Experian's notice of dispute by a consumer." Subject to and without waiving its objections, Experian admits that in response to the reinvestigations conducted by Experian of the Chase account, which is the subject of this lawsuit, Chase responded to the ACDVs sent to it by Experian and verified the information relating to the Chase account and Plaintiff as accurate. Experian denies any remaining allegations in this Request.

14.   Experian never contacted Plaintiff in writing to request more information regarding her dispute of August 15, 2002.

**RESPONSE:** In addition to its General Objections, Experian objects to this Request because it is vague and ambiguous with respect to the phrase "request for more information regarding her dispute." Subject to and without waiving its objections, Experian admits that it did not send a request for information to Plaintiff. Experian denies any remaining allegations in this Request.

15.   Experian never contacted Plaintiff via telephone regarding her dispute of August 15, 2002.

**RESPONSE:** Subject to and without waiving its objections, Experian admits that it did not contact Plaintiff via telephone in response to her August 15, 2002 letter.

16.   If a fraud alert is added to a consumer's file, that alert can be seen by Experian's employees even if that alert no longer appears on a consumer's credit report.

**RESPONSE:** In addition to its General Objections, Experian objects to this Request because it is vague, ambiguous and confusing. Accordingly, Experian cannot truthfully admit or deny this Request, and, on that basis, this Request is denied.

Dated: November 10, 2003

Respectfully submitted,

Beth A. O'Connor
JONES DAY
77 West Wacker
Chicago, Illinois 60601
Telephone: (312) 782-3939
Facsimile: (312) 782-8585

Counsel for Defendant

## CERTIFICATE OF SERVICE

I, Beth A. O'Connor, certify that on November 10, 2003, a true and correct copy of

the foregoing document was sent via facsimile and first class mail to:

Lisa Raimondi
Raimondi & Orton, Ltd.
4305 North Lincoln Ave.
Chicago, Illinois 60618

David Waddell
Seyfarth Shaw
700 Louisiana
Suite 3850
Houston, Texas 77002-2731

Daniel Halvorsen
Piper Rudnick
203 N. LaSalle Street
Suite 1800
Chicago, Illinois 60601

J. Anthony Love
Kilpatrick Stockton LLP
Suite 2800
1100 Peachtree Street
Atlanta, Georgia 30309

Beth A. O'Connor

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DISTRICT

DENISE RUTHER,                              )
                                            )
          Plaintiff,                        )
                                            )      No. 02 C 8777
v.                                          )
                                            )      Judge Bucklo
CHASE NA, TRANS UNION LLC,                  )      Magistrate Judge Ashman
EQUIFAX INFORMATION SERVICES, LLC,          )
and EXPERIAN,                               )
                                            )
          Defendants.                       )

### AFFIDAVIT OF LISA M. RAIMONDI

I, Lisa M. Raimondi, being duly sworn on oath, depose and state that I have first hand knowledge of the following facts and could competently swear thereto if called to testify in a court of law:

1.      I am one of the attorneys representing Plaintiff in the above-captioned case.

2.      On June 10, 2003, as counsel for Plaintiff, I tendered Interrogatories and Requests for Production of Documents to Experian Information Solutions, Inc. ("Experian").

3.      On October 8, 2003, our office tendered Requests for Admissions to Experian.

4.      On or about August 15, 2003, Experian tendered to our office its objections and responses to Plaintiff's First Request for Production of Documents.

5.      Upon reviewing the responses and documents provided by Experian to Plaintiff's First Request for Production of Documents, on or about September 2, 2003, our office sent a letter to Beth O'Connor, counsel for Experian, indicating that we believed certain responses to be inadequate and should be supplemented. (See copy of correspondence attached as Exhibit "1").

6.      On or about October 6, 2003, our office sent a follow-up letter to Ms. O'Connor as we had not been contacted regarding our September 2nd request. (See copy of correspondence



attached as Exhibit "2").

7.     On or about November 5, 2003, after still not receiving the requested documents from Experian, I contacted Ms. O'Connor via e-mail. It was determined that a Rule 37.2 conference would be held on November 10, 2003, via telephone to discuss these outstanding issues.

8.     On November 10, 2003, a telephone conference took place between myself and Beth O'Connor at which time all outstanding discovery issues were discussed.

9.     On November 10, 2003, I sent a follow-up letter to Ms. O'Connor confirming the issues agreed upon during the conference. (See copy of correspondence attached at Exhibit "3").

10.     On or about November 10, 2003, Experian tendered to our office its objections and responses to Plaintiff's Requests for Admissions.

11.     Upon reviewing the responses provided by Experian to Plaintiff's Request for Admissions, on or about November 18, 2003, I left Ms. O'Connor a voicemail regarding Experian's inadequate responses. This was followed up with a letter to Ms. O'Connor on November 19, 2003. (See copy of correspondence attached ast Exhibit "4").

12.     On December 1, 2003, after receiving some of the documents requested by our office, I sent another letter to Beth O'Connor stating we needed the documents that Experian was withholding immediately and that we would not agree to a protective order. (See copy of correspondence attached as Exhibit "5").

13.     Although all parties have attempted to work out their discovery disputes in good faith, they were unable to resolve the matters which form the basis of Plaintiff's Motion to Compel Proper and Complete Discovery Responses of Experian to Plaintiff's Discovery.

DATED: December 12, 2003

_____
Lisa M. Raimondi


STATE OF ILLINOIS          )
                           ) SS
COUNTY OF COOK             )


Subscribe and sworn to before
me this 12th day of December, 2003.

_____
Notary Public

OFFICIAL SEAL
MICHELLE D. ORTON
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 1-27-200

# Raimondi & Orton, Ltd.

ATTORNEYS AT LAW
Lincoln Professional Center • 4305 North Lincoln Avenue • Chicago, Illinois 60618
(773) 296-6583 • Fax (773) 296-2677

Writer's E-mail: mdo@raimondiandorton.com

September 2, 2003

Beth A. O'Connor
Jones Day
77 West Wacker
Chicago, Illinois 60601

**Re:    Ruther vs. Chase NA, et. al.**

Dear Ms. O'Connor,

        We have reviewed your client's responses to our discovery requests in the above-referenced case. There are a few issues we need to address immediately so that we can begin oral discovery. These issues are:

1)      We need the last known address for Nancy Jones who investigated our client's dispute. Please let us know if you will produce her to be deposed or if we need to subpoena her.

2)      We need an explanation of all codes or incomplete words used on the ACDV form for the record. See Document EXP 0059- EXP 0061. I do not believe that this is a burden considering your client knows what these codes mean whereas we do not and the codes used could be critical to the case considering the only investigation done of our client's dispute was done via this form.

3)      Please review your answers to Interrogatories 13-15. We requested a number and you responded with a place where your client handles disputes. Please amend these answers to actually answer the questions posed.

4)      In your response to our Request for Production of Documents, numbers 3-6, you stated that you would produce manuals and policies but you did not actually forward any documents responsive to this request. Please produce these documents.

Please contact me by the end of the day of September 4, 2003, so that we can schedule a Local Rule 37.2 conference to discuss these outstanding issues. Otherwise, we will be filing a motion to compel.

Also, please let us know of your availability and that of your client's representatives, Kimberly Hughes and David Browne for depositions the week of October 6-10.



EXHIBIT 1

Sincerely,

Michelle D. Orton

# Raimondi & Orton, Ltd.

ATTORNEYS AT LAW                    Lincoln Professional Center • 4305 North Lincoln Avenue • Chicago, Illinois 60618
(773) 296-6583 • Fax (773) 296-2677

Writer's E-mail: mdo@raimondiandorton.com

October 6, 2003

Beth A. O'Connor
Jones Day
77 West Wacker
Chicago, Illinois 60601

Re:    **Ruther vs. Chase NA, et. al.**

Dear Ms. O'Connor,

We still have not heard back from you regarding our letter of September 2, 2003, requesting that you supplement your interrogatory answers in the above-referenced case. Enclosed is another copy of the letter so that it may refresh your memory. In addition, if you are expecting us to sign a protective order before producing documents, please forward one so that we can review and execute it. I would rather resolve these issues with you than file a motion to compel, but will do so shortly if necessary since we have so little time left for written discovery.

Additionally, it has come to our attention that although you mention in your interrogatory answers that you received our client's dispute in August of 2002 and you produced a copy of her letter, you did not produce the ACDV form or any log of that specific investigation but rather an investigation that took place in January 2003, after this complaint was filed. Obviously this document is critical to this case so if you could investigate this and supplement your answers, I would appreciate it.

Also, once again we would like to request that you let us know of your availability and that of your client's representatives, Kimberly Hughes and David Browne for depositions during the month of October. Since schedules are filling up fast and our discovery cut-off deadline is looming, we would like to schedule these as soon as possible. If we do not hear from you by the end of this week, we will just issue subpoenas for both individuals for times that are most convenient for us.

Sincerely,

Michelle D. Orton



# Raimondi & Orton, Ltd.

ATTORNEYS AT LAW       Lincoln Professional Center • 4305 North Lincoln Avenue • Chicago, Illinois 60618

(773) 296-6583 • Fax (773) 442-0688

Writer's E-mail: lraimond@ix.netcom.com

November 10, 2003

Via Facsimile and First Class Mail

Ms. Beth A. O'Connor
Jones Day
77 West Wacker
Chicago, Illinois 60601

      RE:    <u>Ruther v. Chase NA et. al</u>

Dear Beth:

     This is a follow up to our Local Rule 37.2 conference held earlier today in which we discussed outstanding discovery issues. It is our understanding that you have received manuals from your client that you are going to review and produce any relevant portions responsive to our requests. We would request that we receive these documents prior to Monday, November 17, 2003. In the event that these documents are not produced by this date, the Plaintiff will file the appropriate motion with the Court. In the event that you believe that any of these documents could be privileged or confidential, we would request that you immediately forward a draft protective order for our review.

     With regards to the ACDV form for our client's August 2002 dispute, you have stated that your client is in the process of obtaining this document and it will be forwarded upon receipt from your client. As we cannot continue to wait for documents to be produced, we would request that this document be produced prior to Monday, November 17, 2003. In the event that it is not produced by this date, the Plaintiff will file the appropriate motion with the Court.

     With regards to Interrogatory No. 12, in which we requested an explanation of any codes used on any ACDV forms produced, the following are the codes/words/statements contained in documents EXP0059-EXP0061 that we would like your client to explain. As I stated during our telephone conversation, we believe that it is necessary for us to have a general background of these forms prior to taking the depositions of any of your client's employees so that we can adequately prepare for the depositions.

     Response Code 999: Free Form Response



Name Verif Flag: 2 = SAME
Curr Addr Verif: 2 = SAME
Prev Addr Verif: 3 = UNKNOWN
SSN Verif Flag: 2 = SAME

Line 41: SCH Monthly Pay
Line 42: Assoc Code : 1
Line 44: Authorized Verifier: U427464
Line 46: Term 010
Line 47: Account Type : 18-CRC

We would request that we also receive this information prior to Monday, November 17, 2003. In the event that it is not received by this date, the Plaintiff will file the appropriate motion with the Court.

If you have any questions regarding the above, please do not hesitate to contact me.

Sincerely,

Lisa M. Raimondi

# Raimondi & Orton, Ltd.

ATTORNEYS AT LAW     Lincoln Professional Center • 4305 North Lincoln Avenue • Chicago, Illinois 60618

(773) 296-6583 • Fax (773) 442-0688

Writer's E-mail: lraimond@ix.netcom.com

November 19, 2003

Via Facsimile and First Class Mail

Ms. Beth A. O'Connor
Jones Day
77 West Wacker
Chicago, Illinois 60601

      RE:    <u>Ruther v. Chase NA et. al</u>

Dear Beth:

      As a follow up to the voicemail message I left you yesterday, we believe that your client's responses to our Requests for Admissions fail to meet the requirements of Rule 36 of the Federal Rules of Civil Procedure. Specifically, we have issue with your client's responses to Nos. 4-13 and No. 16.

      With regards to Nos. 4-13, in addition to making baseless objections, your client does not actually admit or deny any of the statements in these Requests. For example, in Request No. 5, we requested that your client admit that "at no time did Experian contact Chase NA via telephone regarding Plaintiff's dispute dated August 15, 2002." Your client's response states: "In addition to its General Objections, Experian objects to this request because it is vague and ambiguous with respect to the phrase 'Plaintiff's dispute dated August 15, 2002.' Subject to and without waiving its objections, Experian admits that in response to Plaintiff's August 2002 letter, Experian conducted a reinvestigation of, among other things, the Chase NA account, which is the subject of this lawsuit, by sending an ACDV to Chase indicating the nature of Plaintiff's dispute on the ACDV, in accordance with the requirements of the FCRA. Experian denies any remaining allegations in this Request."

      We requested that your client admit that it did not contact Chase via telephone regarding our client's dispute. We did not request that your client admit that Experian conducted a reinvestigation or admit that Experian sent an ACDV form to Chase. Your response admits a statement, not requested by us, that is in essence a legal conclusion and articulates your client's defense to the underlying action. This does not comport with Rule 36. *See*, <u>Meyer v. Southern Pacific Lines</u>, 199 F.R.D. 610, 615 (N.D. Ill. 2001). (Court required party to properly respond to requests to admit after it did not respond to requested statement but simply responded with its



EXHIBIT 4

defense). Therefore, we believe your client's answers are completely unresponsive and should be withdrawn immediately and new responses provided. If we do not receive new responses prior to Friday, November 21, 2003, the appropriate motion will be forthcoming.

With regards to Request No. 16, we do not understand what is so vague, ambiguous and confusing that your client could not admit or deny this request. Therefore, we would request that your client's response to this Request be withdrawn and a new response provided by the 21st.

Further, with regards to the other issues in your November 14, 2003 letter, as I stated in my voicemail, we will not agree to the protective order you provided us. First and foremost, you have not adequately articulated the basis for the entry of a protective order in this matter. Moreover, the protective order is overly broad and will hinder the Plaintiff's ability to prosecute her case. With regards to the documents you have agreed to tender to us, we cannot continue to wait for your client to find time to look for them. We have been requesting these documents since June of this year. Surely your client has had plenty of time to find them. While you feel that a motion to compel this information is unnecessary, we are going to do what is necessary for us to adequately litigate this case. Thus, if we do not have all documents requested in our November 10th letter prior to November 21st, we will be filing a motion to compel on Monday.

Sincerely,

Lisa M. Raimondi

cc: Elliot Richardson

# Raimondi & Orton, Ltd.

ATTORNEYS AT LAW       Lincoln Professional Center • 4305 North Lincoln Avenue • Chicago, Illinois 60618

(773) 296-6583 • Fax (773) 442-0688

Writer's E-mail: lraimond@ix.netcom.com

December 1, 2003

Via Facsimile and First Class Mail

Ms. Beth A. O'Connor
Jones Day
77 West Wacker
Chicago, Illinois 60601

       RE:     <u>Ruther v. Chase NA et. al</u>

Dear Beth:

      We are in receipt of your letter dated November 21, 2003. We appreciate your client providing us with the requested codes. However, your letter failed to address whether or not your client is going to voluntarily agree to amend its responses to our First Request for Admission. As stated in our previous correspondence, we do not feel that Experian's responses were in accordance with Rule 36 of the Federal Rules of Civil Procedure. We do not wish to file a Motion to Compel new responses but will not hesitate to do so if your client does not amend its responses by Thursday, December 4, 2003.

      With regards to your insistence on a protective order, we will not agree to this. We find it difficult to believe that Experian has never produced these types of documents without a protective order. Moreover, courts in this District have allowed the production of similar documents without the entry of a protective order. Specifically, Magistrate Judge Keys, in <u>Zahran v. Trans Union Corp. et al.</u>, No. 01 C 1700, 2002 WL 31010822 (N.D. Ill. Sept. 9, 2002), held that Trans Union's Consumer Relations Center Dispute Training Guide as well as subscriber agreements were not subject to a protective order. Trans Union made similar arguments to the court as those that you have made to me, i.e., that it would be disadvantaged if competitors gained access to these documents or had knowledge of its consumer relations systems and departments. In denying the entry of the protective order, Judge Keys stated that documents "that outline procedures for consumer relations personnel to handle consumer credit disputes, are not rocket science." <u>Id</u>. at *3. He further reasoned that function keys, keystrokes, data entry instructions, and general computer codes are not a "formula, pattern, device or compilation of information" that gives Trans Union an advantage over competitors and warrants a protective order. <u>Id</u>.



EXHIBIT 5

We believe that given Judge Bucklo's position at our Motion to Compel Discovery from Chase on Friday, November 21st, she would agree with our position that the documents we are seeking are not of a confidential or proprietary nature and thus, a protective order is not warranted. If you continue to withhold these documents on this basis, then we suggest that you immediately file a motion for the entry of a protective order. In the event that this is not done by Thursday, we will pursue our motion to compel. As we have informed you, we are willing to take the deposition of Kimberly Hughes on December 30, 2003. We cannot do this if we are not tendered the documents we have requested before this date.

With regards to the documents you have agreed to tender to us, we cannot continue to wait for your client to find time to look for them. We have been requesting these documents since June of this year. Surely your client has had plenty of time to find them. While you feel that a motion to compel this information is unnecessary, we are going to do what is necessary for us to adequately litigate this case. Thus, if we do not have all documents requested in our November 10th letter prior to this Thursday, our Motion to Compel will be forthcoming. In our motion, we will request that Experian be barred from using these documents at trial if they are not produced within seven (7) days.

Finally, as the scheduling of depositions has begun, we would like to take this opportunity to provide the following demand to your client in an effort to try settle this matter before even more time and expense is put into this case. Our client is willing to settle this case for $14,000.00. This includes $10,000 in actual damages attributable to our client's interest rate on her Bank One account increasing from 11.90% to 22.90% for the past seven (7) months, the denial of two credit card accounts and the emotional distress, humiliation, stress, worry, anxiety and helplessness suffered by our client due to the inaccurate reporting by Experian on our client's credit report. This total also includes $4,000 in attorneys fees. As you are probably aware, the amount we will seek for damages and attorneys fees will only increase in the future.

Please forward this communication to your client for review and advise as soon as possible as to its response. If you have any questions or would like to discuss any of foregoing matters further, please do not hesitate to contact us.

Sincerely,

Lisa M. Raimondi

cc: Elliot Richardson