IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DISTRICT

FILED
DEC 1 2 2003

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| DENISE RUTHER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 02 C 8777 |
| | ) | |
| v. | ) | |
| | ) | Judge Bucklo |
| CHASE NA, TRANS UNION LLC, | ) | Magistrate Judge Ashman |
| EQUIFAX INFORMATION SERVICES, LLC, | ) | |
| and EXPERIAN INFORMATION SOLUTIONS, | ) | |
| INC. | ) | |
| | ) | |
| Defendants. | ) | |

DOCKETED
DEC 1 7 2003

## NOTICE OF MOTION

Please take notice that on Friday, December 19, 2003 at 9:30 am or as soon thereafter as counsel may be heard, the undersigned will appear before the Honorable Judge Elaine Bucklo in the courtroom usually occupied by her in the Dirksen Federal Building, or before any judge sitting in her stead, and shall then and there present the attached Motion to Compel Complete and Proper Discovery Responses from Trans Union LLC to Plaintiff's Discovery and To Have Deemed Admitted Plaintiff's Requests for Admissions, a copy of which is hereby served upon you.

Dated: December 12, 2003

## CERTIFICATE OF SERVICE

I, the undersigned, certify that I have this 12th day of December, 2003, caused copies of the Motion to Compel Complete and Proper Discovery Responses from Trans Union LLC to Plaintiff's Discovery and To Have Deemed Admitted Plaintiff's Requests for Admissions, in the above-captioned matter to be served via first class mail on all counsel listed on the attached service list.

Lisa M. Raimondi
Michelle D. Orton
Raimondi & Orton, Ltd.
4305 North Lincoln Avenue
Chicago, Illinois 60618
(773) 296-6583

## SERVICE LIST

Beth A. O'Connor
Jones Day
77 West Wacker
Chicago, Illinois 60601
(without exhibits)

I. Brian Marquez
Ross & Hardies
150 N. Michigan, Suite 2500
Chicago, Illinois 60601
(without exhibits)

Dana Hill
Seyfarth Shaw
55 E. Monroe Street, Suite 4200
Chicago, Illinois 60603
(without exhibits)

David Waddell
Seyfarth Shaw
700 Louisiana, Suite 3850
Houston, TX 77002-2731
(without exhibits)

J. Anthony Love
Kilpatrick Stockton LLP
1100 Peachtree St., Suite 2800
Atlanta, Georgia 30309
(without exhibits)

Monica L. Thompson
Daniel O. Halvorsen
Piper Rudnick
203 N. LaSalle Street, Suite 1800
Chicago, Illinois 60601

Elliot Richardson
Richardson Stasko Boyd & Mack
19 S. LaSalle Street, Suite 1500
Chicago, Illinois 60603

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DISTRICT

**F I L E D**

DEC 1 2 2003

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| DENISE RUTHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CHASE NA, TRANS UNION LLC, | ) |
| EQUIFAX INFORMATION SERVICES, LLC, | ) |
| and EXPERIAN INFORMATION SOLUTIONS, | ) |
| INC. | ) |
| | ) |
| Defendants. | ) |

**DOCKETED**

DEC 1 7 2003

No. 02 C 8777

Judge Bucklo
Magistrate Judge Ashman

## PLAINTIFF, DENISE RUTHER'S, MOTION TO COMPEL COMPLETE AND PROPER DISCOVERY RESPONSES FROM DEFENDANT TRANS UNION LLC TO PLAINTIFF'S DISCOVERY AND TO HAVE DEEMED ADMITTED PLAINTIFF'S REQUESTS FOR ADMISSIONS

NOW COMES Plaintiff, Denise Ruther, by and through her attorneys, Raimondi & Orton, Ltd. and Richardson, Stasko, Boyd & Mack, LLC, and hereby moves this Honorable Court to compel Defendant, Trans Union LLC ("TU"), to provide complete and proper responses to Plaintiff's First Request for Production of Documents and to provide complete and proper responses to Plaintiff's Interrogatory Requests No. 3, 12 and 13-15. Plaintiff further moves this Court to have deemed admitted the requests contained in Plaintiff's First Request for Admission. In support of said motion, Plaintiff states as follows:

### INTRODUCTION

Despite repeated requests from Plaintiff, TU seeks to withhold discoverable documentation and information from Plaintiff, through its continued refusal to comply with its discovery obligations. TU must cease its efforts to obstruct discovery and tender full and complete responses to Plaintiff's interrogatories, production requests and request for admissions.

1

## BACKGROUND

On June 10, 2003, Plaintiff tendered Interrogatories and Requests for Production of Documents to TU. (See Plaintiff's Interrogatories and Request for Production of Documents attached as Exhibits A and B). On or about October 8, 2003, Plaintiff tendered Plaintiff's Request For Admissions to TU. (See Request for Admissions attached as Exhibit C). As of the date of the filing of this motion, TU has not tendered responses to Plaintiff's Request to Admit. On or about October 20, 2003, TU tendered its objections and responses to Plaintiff's First Set of Interrogatories and First Request for Production of Documents. (See Defendant TU's Answers to Plaintiff's First Set of Interrogatories and First Request for Production of Documents attached as Exhibits D and E).

Plaintiff's counsel reviewed the responses provided by TU and determined that they were fundamentally flawed. On or about November 11, 2003, a letter was sent to Dan Halvorsen, counsel for TU, describing the deficiencies. In this letter, Plaintiff's counsel requested that supplemental responses be provided within seven (7) days and requested that TU contact her to hold a Local Rule 37.2 conference. (See affidavit of Lisa M. Raimondi attached hereto as Exhibit F). TU never responded to Plaintiff's letter or provided further discovery. On November 21, 2003, while in court for another motion pertaining to this case, Mr. Halvorsen indicated to counsel that he would provide a response to Plaintiff's request "shortly." (See Exhibit F) On December 2, 2003, Plaintiff's counsel sent yet another letter to Mr. Halvorsen requesting a response. (See Exhibit F) To date, TU has not contacted Plaintiff's counsel regarding the outstanding issues or provided Plaintiff with her requested discovery responses.

I.  TU'S OBJECTIONS SHOULD BE STRICKEN AND DISCOVERY RESPONSES COMPELLED.

2

TU should be ordered to fully and properly respond to Plaintiff's discovery. The flaws and deficiencies of TU's responses are outlined below:

### Request for Production Nos. 1, 2, 7, 8, 10, 11 and 13

In its answer to Plaintiff's Request for Production Nos. 1, 2, 7, 8, 10, 11 and 13, TU responded that it was producing copies of its Consumer Relations file for Plaintiff. (See Exhibit E) TU provided Plaintiff with these answers on October 20, 2003, however, as of the date of the filing of this motion, TU has yet to provide Plaintiff with copies of these actual documents. In her November 11, 2003, letter, Plaintiff's counsel requested that these documents be produced or if they had previously been produced, then for TU to supplement its responses identifying the documents responsive to these Requests. (See Exhibit 1 attached to Exhibit F) In her December 2, 2003, letter, Plaintiff's counsel again requested that these documents be produced. (See Exhibit 2 attached to Exhibit F) Despite these repeated requests by Plaintiff, TU has not produced copies of its Consumer Relations file to Plaintiff or contacted Plaintiff's counsel to discuss why these documents were not being produced. TU has no basis for not producing these documents and should be compelled to produce these documents or compelled to properly respond to these discovery requests immediately.

### Request for Production Nos. 3, 4, 5, 6, and 9

In Plaintiff's Request for Production of Documents Nos. 3, 4, 5, 6 and 9, she requested that TU provide her with its operation manuals or documents regarding the collecting, reporting, archiving or storing of consumer credit information where the consumer is an authorized user, where the consumer is jointly liable on an account, where the consumer has filed for bankruptcy or an account was included in bankruptcy, where the consumer has a fraud alert on her credit

3

report and documents explaining its policies regarding reinvestigation of disputed consumer accounts. TU has objected that the information sought by Plaintiff is confidential and proprietary. TU's objection should be stricken and it should be compelled to properly respond to Plaintiff's requests.

Although TU has claimed that this information is confidential and proprietary, it has failed to provide Plaintiff with an adequate basis for the entry of a protective order and Plaintiff cannot ascertain how her requested documents contain information that is confidential and proprietary. As stated by Magistrate Judge Keys in <u>Zahran v. Trans Union Corp. et al.</u>, No. 01 C 1700, 2002 WL 31010822 (N.D. Ill. Sept. 9, 2002), in denying the entry of a protective order, documents "that outline procedures for consumer relations personnel to handle consumer credit disputes, are not rocket science." He further reasoned that function keys, keystrokes, data entry instructions, and general computer codes are not a "formula, pattern, device or compilation of information" that give Trans Union an advantage over competitors and warrant a protective order. <u>Id</u>. at *3. Plaintiff does not believe that the documents TU is withholding in this case contain any information different from that in <u>Zahran</u> which the court determined were not confidential.

Moreover, by broadly objecting to Plaintiff's Requests on the basis that the documents contain confidential and proprietary information and stating that a protective order is required, TU is simply attempting to thwart the free flow of information and prevent Plaintiff's counsel from obtaining the records necessary to litigate Plaintiff's case. Parties should not be allowed to seal whatever they want, "for then the interest in publicity will go unprotected unless the media are interested in the case and move to unseal. <u>Citizens First National Bank of Princeton v.</u>

Cincinnati Insurance Co., 178 F.3d 943, 945 (7ᵗʰ Cir. 1999). In Citizens, the Seventh Circuit held

that "the parties to a lawsuit are not the only people who have a legitimate interest in the record

compiled in a legal proceeding" and virtual carte blanche to either party to seal whatever portions

of the record the party wanted to seal is improper. Id. at 944. As a protective order is not

warranted, TU's objections should be stricken and it be required to provide Plaintiff with the

requested documents immediately.[1]

        Document Request No. 12

        In Document Request No. 12, Plaintiff requested that TU provide her with all documents

analyzing or tallying the number of consumer disputes completed by TU on an hourly, weekly,

monthly or yearly basis. TU objected to this Request on the grounds that it seeks irrelevant

information and that the Request was overly broad, unduly burdensome and not limited in scope.

It further objected stating that the request called for documents that are confidential and some of

which may contain or reference highly confidential trade secrets. Similar to the Requests above,

TU has failed to adequately explain to Plaintiff why these documents constitute trade secrets.

These documents are relevant to this case as they can aid in determining how thoroughly TU's

employees conduct reinvestigations of consumer's files. Despite requests by Plaintiff, TU refuses

to produce copies of these documents. TU has no basis for not producing them and should be

---

    [1] In the event that TU attempts to move this Court for the entry of such a protective order,
TU has failed to do so prior to the time its discovery was due and thus, is barred from asserting
this objection now. "Ordinarily [a protective] order must be obtained before the date set for the
discovery, and failure to move at that time will be held to preclude objection later. . ." United
States v. Panhandle Eastern Corp., 118 F.R.D. 346, 350 (D. Del. 1988). This is true even if the
movant has made a showing of good cause. Nestle Foods Corp. v. Aetna Casualty and Surety
Co., 129 F.R.D. 483, 487 (D. N.J. 1990) citing United States v. Panhandle Eastern Corp., 118
F.R.D. 346 (D. Del. 1988).

compelled to produce these documents or compelled to properly respond to these discovery requests.

### Interrogatory No. 3

In Interrogatory No. 3, Plaintiff requested that TU identify and describe all documents that relate to Chase account number 5323 5018 1066 5188. TU responded that "documents among those produced in response to Plaintiff's First Request for Production of Documents are responsive to this Interrogatory." However, as stated above, TU did not produce any documents in response to Plaintiff's Document Requests. Moreover, TU's answer does not identify or describe any documents. Despite requests by Plaintiff, TU has not properly responded to this Interrogatory. TU has no basis for not responding and should be compelled to produce the documents it states are responsive to this Request and to properly respond to this Interrogatory and produce the information requested.

### Interrogatory No. 12

In Interrogatory No. 12, Plaintiff requested to have all ACDV or CDV forms produced in Plaintiff's Request for Production of Documents explained, including any codes used on those forms. TU responded by providing Plaintiff with an explanation of how reinvestigation requests are responded to by TU subscribers. Although Plaintiff did not receive any documents responsive to her Document Requests, TU's response to Interrogatory No. 5 indicated that an ACDV form was sent to Chase NA. Previously TU had produced to Plaintiff TU 0026-TU0028 and TU 0041-TU0043. (See documents attached as Exhibit G) Plaintiff believes that this is the ACDV form sent to Chase. These documents are cryptic and contain numerous codes that are unidentifiable to Plaintiff. An explanation of this form should have been provided to Plaintiff

and is necessary for Plaintiff to ascertain the meaning of the document. Despite requests from Plaintiff, TU has failed to properly respond to this interrogatory request. TU has no basis for not responding and should be compelled properly respond to this Interrogatory and produce the information requested.

Interrogatory Nos. 13-15

In Interrogatory Nos. 13-15, Plaintiff requested that TU provide her with the number of consumer disputes handled by TU, the number of employees that handle consumer disputes and the number of disputes handled by a specific employee in a given day or hour. TU responded that this information was confidential or proprietary information. However, TU has failed to adequately explain to Plaintiff why this information is confidential or proprietary. Similar to the argument raised above, Plaintiff cannot ascertain how a number constitutes confidential and proprietary information. TU has no basis for not responding to these Interrogatories and TU should be compelled to properly respond to these Interrogatories and provide Plaintiff with this information.

Request for Admissions

On or about October 8, 2003, Plaintiff tendered Plaintiff's Request for Admissions to TU. As of the date of the filing of this motion, TU has not tendered responses to Plaintiff's Request to Admit. Because TU has failed to respond within the required thirty (30) days, Plaintiff requests that the requests contained in her Request for Admissions be deemed admitted as required by Rule 36(a) of the Federal Rules of Civil Procedure.

II.     PLAINTIFF HAS COMPLIED WITH LOCAL RULE 37.2.

After receiving TU's responses to Plaintiff's Interrogatories and Document Requests, on

7

November 11, 2003, counsel for the Plaintiff, Lisa M. Raimondi, in an attempt to resolve the parties' differences, drafted a letter to Dan Halvorsen, counsel for TU, addressing various deficiencies in TU's discovery responses. (See Exhibit 1 attached to Exhibit F). Plaintiff's counsel had previously requested responses from TU on September 29, 2003, October 16, 2003, October 10, 2003, and October 12, 2003. (See Exhibit F) Counsel for TU failed to contact Plaintiff's counsel to attempt to resolve these differences. On November 21, 2003, while present in court on another matter in this case, Mr. Halvorsen stated that he would be providing his client's responses to Plaintiff's discovery requests "shortly." After still not receiving TU's responses or a communication from its counsel, on December 2, 2003, Plaintiff's counsel sent another letter to Mr. Halvorsen requesting that he respond to the outstanding discovery requests. (See Exhibit 2 attached to Exhibit F). Although Plaintiff's counsel has attempted to resolve any disputes between the parties, she has been unable to do so through no fault of her own.

WHEREFORE, Plaintiff hereby requests that this Honorable Court grant her motion to compel proper and complete responses to Plaintiff's discovery, to strike the objections Trans Union LLC sets forth in responses to same, deem admitted the requests contained in Plaintiff's Request for Admissions and for any further relief this Court deems fair and just.


DATED: December 12, 2003

Respectfully submitted,

One of Plaintiff's Attorneys

8

Lisa M. Raimondi
Michelle D. Orton
Raimondi & Orton, Ltd.
4305 North Lincoln Avenue
Chicago, Illinois 60618
(773) 296-6583

Elliot Richardson
Richardson Stasko Boyd & Mack, LLC
19 South LaSalle Street, Suite 1500
Chicago, Illinois 60603
(312) 372-7075

9

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DENISE L. RUTHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 02 C 8777 |
| | ) | |
| CHASE, NA, TRANS UNION LLC, | ) | |
| EQUIFAX INFORMATION SERVICES | ) | |
| LLC, AND EXPERIAN, | ) | |
| | ) | |
| Defendants. | ) | |

<u>PLAINTIFF, DENISE RUTHER'S FIRST SET OF INTERROGATORIES</u>
<u>TO DEFENDANT, TRANS UNION LLC</u>

The Plaintiff, Denise Ruther, requests that the Defendant answer, under oath, in

accordance with Rule 33 of the Federal Rules of Civil Procedure, the following

interrogatories:

<u>INSTRUCTIONS AND DEFINITIONS</u>

A.      Answers to the Interrogatories must be furnished within thirty (30) days of the

service of these Interrogatories.

B.      Each Interrogatory should be answered upon your entire knowledge from all

sources and all information in your possession or otherwise available to you, including

information from your officers, employees, agents, representatives or consultants and

information that is known by each of them.  An incomplete or evasive answer is a failure

to answer.

C.       If any answer is qualified, state specifically the terms of each qualification and

the reasons for it.  If an Interrogatory cannot be answered in full, state the part that can be



answered and answer the same in full to the extent possible; state further and specifically the reason(s) why the remainder cannot be answered.

D.     Unless otherwise specified in a particular paragraph, "Defendant" is to mean TRANS UNION LLC, its officers, employees or agents.

E.     Unless otherwise specified in a particular paragraph, provide the information and documents requested for the period of one year prior to the date of filing the complaint to the present. Each interrogatory is considered continuing, and if Defendant obtains information that renders its answers or one of them, incomplete or inaccurate, Defendant is obligated to serve amended answers on the undersigned.

F.     The terms "document" or "documents" in these Interrogatories shall refer to all writings and recorded materials, of any kind that are or have been in the possession, control or custody of Defendant of which Defendant has knowledge, whether originals or copies. Such writings or recordings include, but are not limited to, contracts, documents, notes, rough drafts, interoffice memoranda, memoranda for the files, letters, research materials, correspondence, logs, diaries, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, diagrams, drawings, computer files, records, documents, data, print-outs or tapes, reports, statistical computations, studies, graphs, charts, minutes, manuals, pamphlets, or books of all nature and kind whether handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced, all tape recordings (whether for computer, audio, or visual replay) or other written, printed, and recorded matter or tangible things on which words, phrases, symbols or information are recorded.

G.     A request to identify a document is a request to state as applicable:

1. The date of the document;

2. The type of document;

3. The names and present addresses of the person or person who prepared the document and of the signers and addressers of the document;

4. The name of the employer or principal whom the signers, addressers and preparers were representing;

5. The present location of the documents;

6. The name and current business and home address of the present custodians of the original document, and any copies of it;

7. A summary of the contents of the document; and

8. If the original document was destroyed, the date and reason for or circumstances under which it was destroyed.

H.    If any Interrogatories may be answered fully by a document, the document may be attached in lieu of an answer if the document is marked to refer to the Interrogatory to which it responds.

INTERROGATORIES

1.    State the name(s), business address(es), phone number(s) and job title(s) or capacity(ies) of the officer(s), employee(s) or agent(s) answering or providing any information used to answer each Interrogatory.

**ANSWER:**

2.    State the name, title, alias, business and home address and

telephone number and job description of each person employed by
Defendant who investigated, verified, or otherwise responded to Plaintiff's
dispute of Chase Account Numbers 5323 5018 1066 5188 and 5369 9002
2005 3776 on her credit report as referred to in Plaintiff's Complaint.

**ANSWER:**

3.    Identify and describe each document known to Defendant that is
related to Chase Account Numbers 5323 5018 1066 5188 and 5369 9002
2005 3776.

**ANSWER:**

4.    Identify the time, date and substance of any telephone conversation
between Defendant and Plaintiff, Denise Ruther, including the name of the
person with whom Plaintiff spoke.

**ANSWER:**

5.    Describe in detail the investigation of Plaintiff's dispute submitted to you
via letter from Plaintiff dated August 15, 2002.

**ANSWER:**

6.    Identify the time, date and substance of any telephone conversation
between you and Defendant Chase NA regarding Plaintiff or any

of her accounts with Chase NA, including the names of all individuals involved in the conversation.

**ANSWER:**

7.  Describe all communications in detail between you and Chase NA regarding Plaintiff or any of her accounts with Chase NA.

**ANSWER:**

8.  Describe in detail the procedures used by you to investigate consumer disputes.

**ANSWER:**

9.  Describe in detail the procedures used by you when you investigate a consumer dispute if the consumer's credit file contains a fraud alert.

**ANSWER:**

10.  Describe in detail the procedures used by you when you investigate a consumer dispute that an account is not the consumer's if the consumer's credit file contains a fraud alert.

**ANSWER:**

11.    State whether your investigation of a disputed account differs depending

on which creditor holds the account you are investigating; if yes, explain

how in detail.

**ANSWER:**

12.    Explain all ACDV or CDV forms, including any codes used,

produced by you in response to Plaintiff's First Request for Production of

Documents.

**ANSWER:**

13.    Give the approximate number of consumer disputes handled by you in the

previous two years.

**ANSWER:**

14.    Give the number of employees that handle consumer disputes on a regular

basis.

**ANSWER:**

15.    Give the number of disputes handled by a specific employee in a typical 8

hour work day, or number of disputes handled per employee per hour.

**ANSWER:**

16.     List all other lawsuits that you are a party to that include claims under the

Fair Credit Reporting Act, including case name, court name and location,

and short statement of the case.

**ANSWER:**


17.     Identify by name, position, address and telephone number all

witnesses Defendant proposes to call at trial.

**ANSWER:**


18.     List all exhibits Defendant proposes to introduce at trial.

**ANSWER:**


19.     Identify each person whom the Defendant expects to call as an

expert witness at trial, state the subject matter on which the expert is expected to

testify and the substance of the facts and opinions to which the expert is expected

to testify, and a summary of the grounds for each opinion.

**ANSWER:**


DATED: June 10, 2003

Respectfully submitted,

Lisa M. Raimondi
Michelle D. Orton
Raimondi & Orton, Ltd.
4305 N. Lincoln Avenue
Chicago, Illinois 60618
(773) 296-6583
(773) 442-0688 Facsimile
Attorneys for Plaintiff

Elliot Richardson
Richardson Stasko Boyd & Mack
19 South LaSalle Street, Suite 1500
Chicago, Illinois  60603
(312) 372-7075
(312) 372-7076 Facsimile
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Plaintiff, Denise Ruther's First Set of Interrogatories to Defendant, Trans Union was mailed, first class, postage prepaid, on the 10th day of June, 2003 to the following counsel for Defendants:

Monica L. Thompson
Daniel O. Halvorsen
Piper Rudnick
203 N. LaSalle Street, Suite 1800
Chicago, Illinois 60601

Lisa M. Raimondi

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

DENISE L. RUTHER,       )
                          )
      Plaintiff,       )
                          )
v.                      )    Case No. 02 C 8777
                          )
CHASE, NA, TRANS UNION LLC,  )
EQUIFAX INFORMATION SERVICES  )
LLC, AND EXPERIAN,      )
                          )
      Defendants.    )

### PLAINTIFF, DENISE RUTHER'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, TRANS UNION LLC

The Plaintiff, DENISE RUTHER, requests that the Defendant answer, under oath, in accordance with Rule 34 of the Federal Rules of Civil Procedure, the following request for production of documents:

### INSTRUCTIONS AND DEFINITIONS

A.    Answers to the Requests for Production of Documents must be furnished within thirty (30) days of the service of these Requests.

B.    Unless otherwise specified in a particular paragraph, "Defendant" is to mean TRANS UNION LLC, its officers, employees or agents.

C.    Unless otherwise specified in a particular paragraph, provide the information and documents requested for the period of one year prior to the date of filing the complaint to the present. Each document request is considered continuing, and if Defendant obtains information that renders its answers or one of them, incomplete or inaccurate, Defendant is obligated to serve amended answers on the undersigned.



D.     The terms "document" or "documents" in these Requests shall refer to all writings and recorded materials, of any kind that are or have been in the possession, control or custody of Defendant of which Defendant has knowledge, whether originals or copies.  Such writings or recordings include, but are not limited to, contracts, documents, notes, rough drafts, interoffice memoranda, memoranda for the files, letters, research materials, correspondence, logs, diaries, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, diagrams, drawings, computer files, records, documents, data, print-outs or tapes, reports, statistical computations, studies, graphs, charts, minutes, manuals, pamphlets, or books of all nature and kind whether handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced, all tape recordings (whether for computer, audio, or visual replay) or other written, printed, and recorded matter or tangible things on which words, phrases, symbols or information are recorded.

## REQUESTS

1.     All documents relating specifically to Chase Account Numbers 5323 5018 1066 5188 and 5369 9002 2005 3776.

2.     All correspondence between you and Plaintiff relating to Chase Account Numbers 5323 5018 1066 5188 and 5369 9002 2005 3776.

3.     All operation manuals or documents containing policies used or promulgated by you regarding the collecting, reporting, archiving or storing of consumer credit information where the consumer is an authorized user.

4.     All operation manuals or documents containing policies used or promulgated by you regarding the collecting, reporting, archiving or storing of consumer

credit information where the consumer is jointly liable on an account.

5.     All operation manuals or documents containing policies used or promulgated by you regarding the collecting, reporting, archiving or storing of consumer credit information where the consumer has filed bankruptcy or where the consumer credit account has been included in bankruptcy.

6.     All operation manuals or documents containing policies used or promulgated by you regarding the collecting, reporting, archiving or storing of consumer credit information where the consumer a fraud alert on their credit report.

7.     All correspondence or other documents between you and any other defendant in this case regarding Plaintiff, or regarding Chase Account Numbers 5323 5018 1066 5188 and 5369 9002 2005 3776.

8.     Copies of all correspondence between you and Plaintiff.

9.     All documents explaining your policies regarding reinvestigation of disputed consumer accounts.

10.     Copies of all CDV (consumer dispute verification) forms and ACDV (automated consumer dispute verification) forms regarding Plaintiff or any of the credit accounts contained in her credit file with you, including Chase Account Numbers 5323 5018 1066 5188 and 5369 9002 2005 3776.

11.     All documents containing the historical status of Chase Account Numbers 5323 5018 1066 5188 and 5369 9002 2005 3776.

12.     All documents analyzing or tallying the number of consumer disputes completed by you on an hourly, weekly, monthly or yearly basis.

13.     All documents responsive to Plaintiff's First Set of Interrogatories served

contemporaneously with this Request for Production of Documents.

     14.    Copies of all reports and documents utilized by an expert that Defendant

proposes to call at trial.

     15.    All exhibits that Defendant proposes to introduce at trial.

DATED: June 10, 2003

Respectfully submitted,

_____
Lisa M. Raimondi
Michelle D. Orton
Raimondi & Orton, Ltd.
4305 N. Lincoln Avenue
Chicago, Illinois 60618
(773) 296-6583
(773) 442-0688 Facsimile
Attorneys for Plaintiff

Elliot Richardson
Richardson Stasko Boyd & Mack
19 South LaSalle Street, Suite 1500
Chicago, Illinois 60603
(312) 372-7075
(312) 372-7076 Facsimile
Attorneys for Plaintiff

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Plaintiff, Denise Ruther's First Request for Production of Documents to Defendant, Trans Union, was mailed, first class, postage prepaid, on the 10th day of June.2003 to the following counsel for Defendants:

Monica L. Thompson
Daniel O. Halvorsen
Piper Rudnick
203 N. LaSalle Street, Suite 1800
Chicago, Illinois 60601

Lisa M. Raimondi

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| DENISE L. RUTHER,<br><br>        Plaintiff,<br><br>v.<br><br>CHASE, NA, TRANS UNION LLC,<br>EQUIFAX INFORMATION SERVICES<br>LLC, AND EXPERIAN,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)    Case No. 02 C 8777<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S REQUEST FOR ADMISSIONS TO
## DEFENDANT, TRANS UNION LLC

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff requests

Defendant Trans Union LLC (hereinafter "Trans Union"), to admit or deny the truth of

the following:

1.    Plaintiff is a "consumer" as defined by § 603(c) of the Fair Credit Reporting Act.

2.    Defendant Trans Union is a credit reporting agency as that term as defined by §

      603(p) of the Fair Credit Reporting Act.

3.    In response to Plaintiff's consumer dispute dated August 15, 2002, (attached

      hereto as Exhibit A), Trans Union LLC sent an automated consumer dispute

      verification form ("ACDV form") electronically to Chase, NA on or around

      August 19, 2002.

4.    At no time before the present lawsuit was filed did Trans Union forward a copy of

      Plaintiff's letter dated August 15, 2002, to Chase, NA.

5.    At no time before the present lawsuit was filed did Trans Union contact Chase,



NA via telephone regarding Plaintiff's dispute dated August 15, 2002.

6.      Before the present lawsuit was filed, Trans Union's investigation of Plaintiff's dispute of August 15, 2002, consisted solely of sending an ACDV form to Chase, NA.

7.      Before the present lawsuit was filed, Trans Union never requested proof in the form of documentation from Chase, NA that Plaintiff was contractually liable on Chase account number 5323 5018 1066 5188.

8.      Before the present lawsuit was filed, Trans Union never received proof in the form of documentation from Chase, NA that Plaintiff was contractually liable on Chase account number 5323 5018 1066 5188 signed by Plaintiff.

9.      Before the present lawsuit was filed, Trans Union never requested or received a contract signed by Plaintiff showing that she was contractually liable as a joint account holder on Chase account number 5323 5018 1066 5188.

10.     The documents produced by Trans Union to Plaintiff, labeled TU0001 - TU00051 are the only documents that pertain to or reference Plaintiff and Chase account number 5323 5018 1066 5188.

11.     Before the present lawsuit was filed, the only communication Trans Union has ever received from Chase, NA regarding Chase account number 5323 5018 1066 5188 was an automated ACDV response represented by the document labeled TU 00028.

12.     Before the present lawsuit was filed, a representative of Trans Union never contacted Chase, NA via telephone to discuss that Plaintiff disputed the reporting of Chase account 5323 5018 1066 5188 as her account on her credit report.

13.     Chase, NA never provided Trans Union with the social security number of the

cardholder for Chase account number 5323 5018 1066 5188 in response to Trans

Union's notice of dispute by Plaintiff sent to Chase, NA on August 19, 2002.

14.     Trans Union never contacted Plaintiff in writing to request more information

regarding her dispute of August 15, 2002.

15.     Trans Union never contacted Plaintiff via telephone to request more information

regarding her dispute of August 15, 2002.

DATED: _____ 10|8|03 _____

Respectfully submitted,

Lisa M. Raimondi
Michelle D. Orton
Raimondi & Orton, Ltd.
4305 N. Lincoln Avenue
Chicago, Illinois 60618
(773) 296-6583
(773) 442-0688
Attorneys for Plaintiff

Elliot Richardson
Richardson Stasko Boyd & Mack
19 South LaSalle Street, Suite 1500
Chicago, IL 60603
(312) 372-7075
(312) 372-7076 Facsimile
Firm No: 37290
Attorneys for Plaintiff

## DENISE L. RUTHER
### 1730 NORTH KEATING AVENUE
### CHICAGO, ILLINOIS 60639

August 15, 2002



Trans Union
Fraud Victim Assistance Department
P.O. Box 1000
Chester, California 19022

> Re:  **Denise L. Ruther**
> SSN: **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**
> **Trans Union File No. 111195766**

Dear Sir or Madame:

    I, Denise L. Ruther, have received my consumer report, Trans Union File Number 111195766, dated June 6, 2002. This report contains the following listings which are not mine; they are incorrect.

    CITI-BP OIL            #5215025890
    CHASE NA             #5323501810665188

    The following account is closed.

    FIRST CARD           #4678031554818

    Information under "FORMER ADDRESSES REPORTED" is also incorrect. The following listing is an address at which I have never lived.

    411324  POB    411324, CHICAGO, IL 60641

    Please reinvestigate the above listings and delete them from my report, Trans Union File Number 111195766.



Thank you for your attention to this matter.

Sincerely yours,

Denise L. Ruther

TU 00009

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DISTRICT

DENISE RUTHER,                              )
                                            )
    Plaintiff,                          )
                                            )    No. 02 C 8777
v.                                          )
                                            )    Judge Bucklo
CHASE NA, TRANS UNION LLC,                  )    Magistrate Judge Ashman
EQUIFAX INFORMATION SERVICES, LLC,          )
and EXPERIAN,                               )
                                            )
    Defendants.                         )

## CERTIFICATE OF SERVICE

    I, the undersigned, certify that I have this 8th day of October, 2003, caused copies of Plaintiff's Request to Admit to Trans Union in the above-captioned matter to be served via first class mail on counsel listed on the attached service list.

_____
Michelle D. Orton

Lisa M. Raimondi
Michelle D. Orton
Raimondi & Orton, Ltd.
4305 North Lincoln Avenue
Chicago, Illinois 60618
(773) 296-6583

## SERVICE LIST

Beth A. O'Connor
Jones Day
77 West Wacker
Chicago, Illinois 60601

I. Brian Marquez
David L. Hartsell
Ross & Hardies
150 N. Michigan, Suite 2500
Chicago, Illinois 60601

Dana Hill
Seyfarth Shaw
55 E. Monroe Street, Suite 4200
Chicago, Illinois 60603

David Waddell
Seyfarth Shaw
700 Louisiana, Suite 3850
Houston, TX 77002-2731

J. Anthony Love
Kilpatrick Stockton LLP
1100 Peachtree St., Suite 2800
Atlanta, Georgia 30309

Monica L. Thompson
Daniel O. Halvorsen
Riper Rudnick
203 N. LaSalle Street, Suite 1800
Chicago, Illinois 60601

Elliot Richardson
Richardson & Stasko, LLP
19 S. LaSalle Street, Suite 1500
Chicago, Illinois 60603

## IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| DENISE L. RUTHER, | ) | Case No. O2C 8777 |
| Plaintiff, | ) | |
| | ) | Judge Bucklo |
| CHASE NA, TRANS UNION LLC, | ) | |
| EQUIFAX INFORMATION SERVICES, | ) | |
| LLC., and EXPERIAN | ) | |
| Defendants. | ) | |

### DEFENDANT TRANS UNION LLC'S ANSWERS TO
### PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant Trans Union LLC ("Trans Union"), through its attorneys, and pursuant to Federal Rules of Civil Procedure, hereby responds to Plaintiff's First Set of Interrogatories as follows:

### GENERAL OBJECTIONS

1.      Trans Union objects generally to each of the Interrogatories below to the extent that they call for the production of confidential, proprietary and/or trade secret information. This General Objection is incorporated in full in each of the specific responses below. Trans Union will not produce confidential information until an appropriate protective order has been entered in this case and it will not produce trade secret information unless ordered to do so by a court.


EXHIBIT D

2.     Trans Union objects to each and every Interrogatory to the extent the response calls for information which is subject to the attorney-client privilege and/or is immune from discovery on the basis of the attorney work product doctrine.

3.     Trans Union objects to each and every Interrogatory to the extent that they purport to impose obligations beyond those provided for by the Federal Rules of Civil Procedure.

4.     Trans Union's responses set forth herein are based upon knowledge and information that Trans Union has been able to obtain as of the date of filing these responses. Trans Union reserves its right to supplement these responses in the event that any additional responsive information may come to light.

## ANSWERS TO INTERROGATORIES

1.     State the name(s), business address(es), phone number(s) and job title(s) or capacity(ies) of the officer(s), employee(s) or agent(s) answering or providing any information used to answer each Interrogatory.

**ANSWER**: In addition to the general objections set forth above, **Trans Union objects to Interrogatory No. 1 as overly broad and unduly burdensome. Trans Union objects to the extent that this request calls for confidential, proprietary and/or trade secret material. Trans Union objects to this Interrogatory in that it calls for attorney work-product and will not respond as to such information. Subject to its objections and without waiving same, Trans Union identifies:**

> **Eileen Little, Consumer Relations Center Director**
> **Trans Union LLC**
> **2 Baldwin Place**
> **1510 Chester Pike**
> **Crum Lynne, PA 19022**

2

2.     State the name, title, alias, business and home address and telephone number and job description of each person employed by Defendant who investigated, verified, or otherwise responded to Plaintiff's dispute of Chase Account Numbers 5323 5018 1066 5188 and 5369 9002 2005 3776 on her credit report as referred to in Plaintiff's Complaint.

<u>ANSWER:</u>  Trans Union objects to this Interrogatory with respect to account number 5369 9002 2005 3776 as the account has never been disputed by the Plaintiff and is not relevant to Plaintiff's claims. Without waiving any of its objections, Trans Union identifies the following operators listed in the History Search Summary of Trans Union's Consumer Relations file for Plaintiff:

   C6865: Maureen Harris, CDV/Disclosure Operator
   Trans Union LLC
   2 Baldwin Place
   1510 Chester Pike
   Crum Lynne, PA 19022

   C3694 (Investigation of this operator code continues)
   Trans Union LLC
   2 Baldwin Place
   1510 Chester Pike
   Crum Lynne, PA 19022

3.     Identify and describe each document known to Defendant that is related to Chase Account Numbers 5323 5018 1066 5188 and 5369 9002 2005 3776.

<u>ANSWER:</u> In addition to the general objections set forth above, Trans Union objects to Interrogatory No. 3 as overly broad and unduly burdensome. Trans Union objects to this Interrogatory with respect to account number 5369 9002 2005 3776 as the account has never been disputed by the Plaintiff and is not relevant to Plaintiff's claims. Trans Union further objects to the extent that this request calls for confidential, proprietary and/or trade secret material. Trans Union objects to this Interrogatory in that

3

it calls for attorney work-product and will not respond as to such information. Trans Union has not yet completed its inquiry, thus, consistent with the Federal Rules of Civil Procedure, Trans Union will supplement its response if appropriate. Trans Union states that documents among those produced in response to Plaintiff's First Request for Production of Documents are responsive to this Interrogatory.

4.  Identify the time, date and substance of any telephone conversation between Defendant and Plaintiff, Denise Ruther, including the name of the person with whom Plaintiff spoke.

ANSWER: Trans Union objects to Interrogatory No. 4 as overbroad, to the extent that, because Plaintiff's credit file has been in Trans Union's system since 1984, it seeks information pertaining to actions outside the statute of limitations for any actions that could be brought under the FCRA. Without waiving its objections, Trans Union responds as follows: Trans Union has no record of any telephone conversation between Trans Union employees and the Plaintiff. Trans Union's records do indicate that Plaintiff contacted Trans Union's telephone automated disclosure queue on June 5, 2002, to request a copy of her Trans Union credit report, through touch-tone commands in response to recorded voice prompts.

5.  Describe in detail the investigation of Plaintiff's dispute submitted to you via letter from Plaintiff dated August 15, 2002.

ANSWER:

Without waiving its general objections, Trans Union responds as follows: On August 19, 2002, Trans Union received written correspondence from the Plaintiff, reproduced at TU00008 through TU00010 of Trans Union's Initial Disclosures. In

4

response to this letter, a Trans Union operator deleted from Plaintiff's file the disputed address of "411324 POB 411324, Chicago, Illinois 60641" and added to the consumer statement the following: "Do not confuse with consumers of similar identification. Verify all identifying information." (See TU00016 through TU00025.)

A Trans Union operator also updated the item for First Card account number 4678031554818 to reflect that the account had been closed by the consumer. Trans Union also cloaked Citi-BP account number 5215025890 because Plaintiff was listed as an authorized user of the account only. Chase NA account number 5323501810665188 was investigated for ownership by sending an Automated Consumer Dispute Verification ("ACDV") form to Chase on August 24, 2002. In the ACDV form, the Plaintiff's claim that the account was not hers was described as "Belongs to similar name. Provide complete ID." Chase returned the ACDV form on August 29, 2002, verifying the plaintiff's name, address and social security number and including in its response narrative "Account charged off" (see TU00028). On September 4, 2002 Trans Union mailed a copy of her updated consumer disclosure to the Plaintiff, reflecting the results of its reinvestigation. (See TU00029 through TU00033.)

6.    Identify the time, date and substance of any telephone conversation between you and Defendant Chase NA regarding Plaintiff or any of her accounts with Chase NA, including the names of all individuals involved in the conversation.

ANSWER: Trans Union objects to Interrogatory No. 6 as overbroad, to the extent that, because Plaintiff's credit file has been in Trans Union's system since 1984, it seeks information pertaining to actions outside the statute of limitations for any actions that could be brought under the FCRA. Without waiving its objections, Trans Union responds

5

that it has no record of telephone conversations between Trans Union and Chase regarding the account disputed by Plaintiff.

7.    Describe all communications in detail between you and Chase NA regarding Plaintiff or any of her accounts with Chase NA.

**ANSWER:** Trans Union objects to Interrogatory No. 7 as overbroad, to the extent that, because Plaintiff's credit file has been in Trans Union's system since 1984, it seeks information pertaining to actions outside the statute of limitations for any actions that could be brought under the FCRA. Without waiving this objections, Trans Union responds as follows: Pursuant to Fed.R.Civ.P. 33(d), Trans Union refers plaintiff to records produced in Trans Union's Initial Disclosures, to the extent such communications are known to Trans Union at this time and reflected in such records. See also Trans Union's answer to Interrogatory No. 5.

8.    Describe in detail the procedures used by you to investigate consumer disputes.

**ANSWER:** Trans Union objects to Interrogatory No. 8 to the extent that it calls for information about the operation of Trans Union's proprietary algorithms and data processing techniques, or other information that is confidential, proprietary, or trade secrets. Subject to this objection, Trans Union responds as follows:

Trans Union investigates consumer disputes of inaccurate data, and corrects all inaccuracies brought to its attention. Trans Union also monitors such disputes of data provided by creditors to detect anomalies and patterns of inaccuracies, and works with the creditors to ensure any problems are corrected. When a consumer submits a dispute to Trans Union, the dispute is logged in and the item disputed and the nature of the dispute

are recorded on a consumer dispute verification (CDV) form, along with the consumer's name, address and social security number, if available. The CDV is transmitted to the creditor with a request for verification and correction, if necessary. Occasionally, some disputes are verified by telephone. Some corrections are made based solely on documentation supplied by the individual submitting the dispute, and no CDV is prepared. All responses to CDV's from creditors are reviewed, and changes or deletions are made, when appropriate. If no response is received to the CDV, the account is updated or deleted in accordance with the consumer's request. The consumer is advised at the conclusion of the investigation when Trans Union sends an updated credit report.

9.    Describe in detail the procedures used by you when you investigate a consumer dispute if the consumer's credit file contains a fraud alert.

**ANSWER:** Trans Union objects to this Interrogatory in that it is vague, overly broad and unduly burdensome, and not susceptible of a complete answer apart from reference to a specific event. Without waiving its objections, Trans Union states that its procedures for reinvestigation of a disputed account are not changed solely because of the presence of a fraud alert or potential fraud alert on a consumer's file. See response to Interrogatory No. 8.

10.    Describe in detail the procedures used by you when you investigate a consumer dispute that an account is not the consumer's if the consumer's credit file contains a fraud alert.

**ANSWER:** Trans Union objects to the compound and unclear wording of Interrogatory No. 10. Trans Union further objects to this Interrogatory in that it is vague, overly broad and unduly burdensome, and not susceptible of a complete answer apart from

7

reference to a specific event. Without waiving its objections, Trans Union states that its procedures for reinvestigation of a disputed account are not changed solely because of the presence of a fraud alert or potential fraud alert on a consumer's file. See response to Interrogatory No. 8.

11.    State whether your investigation of a disputed account differs depending on which creditor holds the account you are investigating; if yes, explain how in detail.

ANSWER: Trans Union objects to the compound and unclear wording of Interrogatory No. 11. Without waiving its objections, Trans Union responds that the means of contacting the creditor may be by mailed CDV form, electronically transmitted ACDV form, or in some cases by telephone, depending on which form of contact the specific subscriber uses. Other than the form of transmitting and receiving verifications, the procedure for investigation does not differ between creditors.

12.    Explain all ACDV or CDV forms, including any codes used, produced by you in response to Plaintiff's First Request for Production of Documents.

ANSWER: In addition to its general objections, Trans Union objects to the extent that this request to the extent that the phrase "any codes" could be construed to include descriptions of Trans Union's confidential, proprietary and/or trade secret material, including specially designed algorithms and information processing techniques.

Subject to the foregoing and without waiving same, Trans Union states as follows: Consumer dispute verification forms and telephone verification forms are utilized by Trans Union as part of its reinvestigation process as mandated by the Fair Credit Reporting Act. Trans Union subscribers may provide responses to Trans Union's reinvestigation request

8

in a number of different ways. The subscribers may verify information by sending automated verification back to Trans Union in response to a reinvestigation request by Trans Union. Subscribers may also respond to reinvestigation requests that have been mailed, faxed, or phoned to the subscriber by Trans Union. The Consumer Dispute Verification form is the written form that Trans Union uses to convey a reinvestigation request to a subscriber either by mail or by fax. The telephone verification form is used by Trans Union when it contacts a subscriber by phone as part of its reinvestigation process.

13.   Give the approximate number of consumer disputes handled by you in the previous two years.

**ANSWER:** Trans Union objects to Interrogatory No. 13 as overbroad and unduly burdensome, and as seeking information not relevant to the subject matter involved in the pending action or the claim or defense of any party, and as not reasonably calculated to lead to the discovery of admissible evidence. Trans Union further objects to the extent that this interrogatory seeks confidential and proprietary and/or trade secret information.

14.   Give the number of employees that handle consumer disputes on a regular basis.

**ANSWER:** Trans Union objects to Interrogatory No. 14 as overbroad and unduly burdensome, and as seeking information not relevant to the subject matter involved in the pending action or the claim or defense of any party, and as not reasonably calculated to lead to the discovery of admissible evidence. Trans Union further objects to the extent that this interrogatory seeks confidential and proprietary and/or trade secret information.

~CHGO1:30312458.v1 |

15. Give the number of disputes handled by a specific employee in a typical 8 hour work day, or number of disputes handled per employee per hour.

**ANSWER:** Trans Union objects to Interrogatory No. 15 as overbroad and unduly burdensome, and as seeking information not relevant to the subject matter involved in the pending action or the claim or defense of any party, and as not reasonably calculated to lead to the discovery of admissible evidence. Trans Union further objects to the extent that this interrogatory seeks confidential and proprietary and/or trade secret information.

16. List all other lawsuits that you are a party to that include claims under the Fair Credit Reporting Act, including case name, court name and location, and short statement of the case.

**ANSWER:** Trans Union objects to Interrogatory No. 16 as overly broad and unduly burdensome, and as seeking information not relevant to the subject matter involved in the pending action or the claim or defense of any party, and as not reasonably calculated to lead to the discovery of admissible evidence.

17. -Identify by name, position, address and telephone number all witnesses Defendant proposes to call at trial.

**ANSWER:** Without waiving any of its objections, Trans Union states that is has not yet determined who its witnesses may be at trial.

18. List all exhibits Defendant proposes to introduce at trial.

**ANSWER:** Trans Union objects to this request to the extent that is seeks to impose obligations beyond those called for by the Federal Rules of Civil Procedure and Federal Rules of Evidence. Without waiving these or its general objections, Trans Union responds

10

that discovery and investigation in this matter are not completed and Trans Union is not aware at this time of all documents responsive to this request. Further, Trans Union refers Plaintiff to the documents produced in response to Plaintiff's Request for Production of Documents. Trans Union reserves its right to supplement its production in accordance with the Federal Rules of Civil Procedure as additional non-privileged responsive documents are obtained or discovered.

19.    Identify each person whom the Defendant expects to call as an expert witness at trial, state the subject matter on which the expert is expected to testify and the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion.

**ANSWER**: Trans Union's investigation into the facts of this case is continuing. To date, Trans Union has not identified who its experts may be at trial.

Date: October 20, 2003

Objections by:
**TRANS UNION LLC**

By: _Daniel O. Halvorsen_

Monica L. Thompson (ARDC #6181455)
Daniel O. Halvorsen (ARDC #6225111)
Denise C. Castillo (ARDC #06269520)
**PIPER RUDNICK LLP**
203 North LaSalle Street, Suite 1800
Chicago, IL 60601-1293
(312) 268-4000

**Attorneys for Defendant**
**TRANS UNION LLC**

11

# CERTIFICATE OF SERVICE

Daniel O. Halvorsen, an attorney, deposes and states that he caused the above and foregoing **Defendant Trans Union LLC's Answer to Interrogatories** to be served upon:

Lisa Raimondi
Raimondi & Orton, Ltd.
Lincoln Professional Center
4305 North Lincoln Avenue
Chicago, Illinois 60618

Beth A. O'Connor
Jones Day
77 West Wacker Drive
Chicago, IL 60601

David Waddell
Seyfarth Shaw
700 Louisiana
Suite 3850
Houston, Texas 77002-2731

J Anthony Love
Kilpatrick Stockton LLP
1100 Peachtree Street
Suite 2800
Atlanta, GA 30309

by causing a copy to be addressed and mailed to the above named counsel on this 20th day of October, 2003 from 203 North LaSalle Street, Chicago, Illinois 60601, at or before 5:00 p.m.

_____
Daniel O. Halvorsen

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DENISE L. RUTHER,                           )
                                            )          Case No. O2C 8777
            Plaintiff,                      )
                                            )          Judge Bucklo
                                            )
                                            )
CHASE NA, TRANS UNION LLC,                  )
EQUIFAX INFORMATION SERVICES,               )
LLC., and EXPERIAN                          )
                                            )
            Defendants.                     )

## DEFENDANT TRANS UNION LLC'S RESPONSE TO PLAINTIFF'S
## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant TRANS UNION LLC (hereinafter "Trans Union"), pursuant to the Federal

Rules of Civil Procedure, responds to Plaintiff's Production Requests as follows:

### I. PRELIMINARY STATEMENT

Any statement that Trans Union will produce any document in response to any Request

does not constitute an admission by Trans Union that it agrees with the characterization or

definition of documents contained in such Request.

### II. GENERAL OBJECTIONS

A.      Trans Union objects generally to each of the Requests below to the extent that

they call for the production of confidential, proprietary and/or trade secret information.  This

General Objection is incorporated in full in each of the specific responses below.  Trans Union

will not produce confidential information until an appropriate protective order has been entered

in this case and it will not produce trade secret information until ordered to do so by a Court.

B.      Trans Union objects to plaintiff's Request For Production of Documents to the



extent that it seeks disclosure of the content of communications between Trans Union and its legal counsel on the ground that such information is protected by the attorney-client privilege.

C.    Trans Union objects to plaintiff's Request for Production of Documents to the extent that it purports to impose obligations beyond those provided for by Fed.R.Civ. P. 34.

D.    Trans Union objects to plaintiff's Requests for Production of Documents to the extent that they seek information or documents prepared in anticipation of litigation in this case on the grounds that such information and documents are protected under the work-product doctrine.

E.    The following responses to plaintiff's Requests for Production of Documents contain all of the information reasonably available to Trans Union at this time and which Trans Union has been able to assemble and analyze to date. Trans Union hereby reserves the right to amend and supplement its responses if additional information is discovered or in case of inadvertent error or omission.

F.    All responses are made subject to and without waiver of Trans Union's general and specific objections.

## RESPONSES TO PRODUCTION REQUESTS

1.    All documents relating specifically to Chase Account Numbers 5323 5018 1066 5188 and 5369 9002 2005 3776.

**ANSWER:** In addition to the general objections set forth above, Trans Union objects to Request for Production No. 1 because it (i) seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and (ii) is unlimited in time and thus overly broad and unduly burdensome. Trans Union further objects to the extent that this request calls for the production of documents or other materials that are relevant only to claims which are barred by applicable statute of

2

limitations. Without waiving any of its objections, Trans Union responds as follows: Trans

Union is producing copies of its Consumer Relations file for plaintiff.

2.       All correspondence between you and Plaintiff relating to Chase Account
Numbers 5323 5018 1066 5188 and 5369 9002 2005 3776.

**ANSWER**: In addition to the general objections set forth above, Trans Union

objects to Request for Production No. 2 because it (i) seeks information that is neither

relevant nor reasonably calculated to lead to the discovery of admissible evidence and (ii) is

unlimited in time and thus overly broad and unduly burdensome. Trans Union further

objects to the extent that this request calls for the production of documents or other

materials that are relevant only to claims which are barred by applicable statute of

limitations. Without waiving any of its objections, Trans Union responds as follows: Trans ·

Union is producing copies of its Consumer Relations file for plaintiff.

3.       All operation manuals or documents containing policies used or promulgated by
you regarding the collecting, reporting, archiving or storing of consumer credit information
where the consumer is an authorized user.

**ANSWER**: In addition to the general objections set forth above, Trans Union

objects to Request for Production No. 3 in that it seeks irrelevant information and is not

reasonably calculated to lead to the discovery of admissible evidence. Trans Union further

objects to this document request as overly broad, unduly burdensome and not limited in

scope. Further, this request calls for documents which are confidential and some of which

may contain or reference highly confidential trade secrets of Trans Union. Subject to and

without waiving the foregoing objections, and subject to the entry of an appropriate

3

protective order, relevant portions of Trans Union's Consumer Relations Manual will be produced.

4.    All operation manuals or documents containing policies used or promulgated by you regarding the collecting, reporting, archiving or storing of consumer credit information where the consumer is jointly liable on an account.

**ANSWER:** In addition to the general objections set forth above, Trans Union objects to Request for Production No. 4 in that it seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. Trans Union further objects to this document request as overly broad, unduly burdensome and not limited in scope. Further, this request calls for documents which are confidential and some of which may contain or reference highly confidential trade secrets of Trans Union. Subject to and without waiving the foregoing objections, and subject to the entry of an appropriate protective order, relevant portions of Trans Union's Consumer Relations Manual will be produced.

5.    All operation manuals or documents containing policies used or promulgated by you regarding the collecting, reporting, archiving or storing of consumer credit information where the consumer has filed bankruptcy or where the consumer credit account has been included in bankruptcy.

**ANSWER:** In addition to the general objections set forth above, Trans Union objects to Request for Production No. 5 in that it seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. Trans Union further objects to this document request as overly broad, unduly burdensome and not limited in scope. Further, this request calls for documents which are confidential and some of which may contain or reference highly confidential trade secrets of Trans Union. Subject to and

4

without waiving the foregoing objections, and subject to the entry of an appropriate
protective order, relevant portions of Trans Union's Consumer Relations Manual will be
produced.

6.     All operation manuals or documents containing policies used or promulgated by
you regarding the collecting, reporting, archiving or storing of consumer credit information
where the consumer a fraud alert on their credit report.

**ANSWER:** In addition to the general objections set forth above,  Trans Union

objects to Request for Production No. 6 in that it seeks irrelevant information and is not

reasonably calculated to lead to the discovery of admissible evidence. Trans Union further

objects to this document request as overly broad, unduly burdensome and not limited in

scope. Further, this request calls for documents which are confidential and some of which

may contain or reference highly confidential trade secrets of Trans Union. Subject to and

without waiving the foregoing objections, and subject to the entry of an appropriate

protective order, relev'nt portions of Trans Union's Consumer Relations Manual will be

produced.

7.     All correspondence or other documents between you and any other defendant in
this case regarding Plaintiff, or regarding Chase Account Numbers 5323 5018 1066 5188 and
5369 9002 2005 3776.

**ANSWER:** In addition to the general objections set forth above,  Trans Union

objects to Request for Production No. 7 because it (i) seeks information that is neither

relevant nor reasonably calculated to lead to the discovery of admissible evidence and (ii) is

unlimited in time and thus overly broad and unduly burdensome. Trans Union further

objects to the extent that this request calls for the production of documents or other

materials that are relevant only to claims which are barred by applicable statute of limitations. Without waiving any of its objections, Trans Union responds as follows: Trans Union is producing copies of its Consumer Relations file for plaintiff.

8.      Copies of all correspondence between you and Plaintiff.

**ANSWER:** In addition to the general objections set forth above, Trans Union objects to Request for Production No. 8 because it (i) seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and (ii) is unlimited in time and thus overly broad and unduly burdensome. Trans Union further objects to the extent that this request calls for the production of documents or other materials that are relevant only to claims which are barred by applicable statute of limitations. Without waiving any of its objections, Trans Union responds as follows: Trans Union is producing copies of its Consumer Relations file for plaintiff.

9.      All documents explaining your policies regarding reinvestigation of disputed consumer accounts.

**ANSWER:** In addition to the general objections set forth above, Trans Union objects to Request for Production No. 9 in that it seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. Trans Union further objects to this document request as overly broad, unduly burdensome and not limited in scope. Read literally, this request could call for virtually all of the documents maintained in its file creation, maintenance and return and consumer relations operations. Further, this request calls for documents which are confidential and some of which may contain or reference highly confidential trade secrets of Trans Union. Subject to and without waiving

6

the foregoing objections, and subject to the entry of an appropriate protective order, relevant portions of Trans Union's Consumer Relations Manual will be produced.

10.    Copies of all CDV (consumer dispute verification) forms and ACDV (automated consumer dispute verification) forms regarding Plaintiff or any of the credit accounts contained in her credit file with you, including Chase Account Numbers 5323 5018 1066 5188 and 5369 9002 2005 3776.

**ANSWER:** In addition to the general objections set forth above, Trans Union objects to Request for Production No. 10 because it (i) seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and (ii) is unlimited in time and thus overly broad and unduly burdensome. Trans Union further objects to the extent that this request calls for the production of documents or other materials that are relevant only to claims which are barred by applicable statute of limitations. Without waiving any of its objections, Trans Union responds as follows: Trans Union is producing copies of its Consumer Relations file for plaintiff.

11.    All documents containing the historical status of Chase Account Numbers 5323 5018 1066 5188 and 5369 9002 2005 3776.

**ANSWER:** In addition to the general objections set forth above, Trans Union objects to Request for Production No. 11 because it (i) seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and (ii) is unlimited in time and thus overly broad and unduly burdensome. Trans Union further objects to the extent that this request calls for the production of documents or other materials that are relevant only to claims which are barred by applicable statute of

limitations. Without waiving any of its objections, Trans Union responds as follows: Trans

Union is producing copies of its Consumer Relations file for plaintiff.


12.    All documents analyzing or tallying the number of consumer disputes completed
by you on an hourly, weekly, monthly or yearly basis.

ANSWER: In addition to the general objections set forth above, Trans Union

objects to Request for Production No. 12 in that it seeks irrelevant information and is not

reasonably calculated to lead to the discovery of admissible evidence. Trans Union further

objects to this document request as overly broad, unduly burdensome and not limited in

scope. Further, this request calls for documents which are confidential and some of which

may contain or reference highly confidential trade secrets of Trans Union.


13.    All documents responsive to Plaintiff s First Set of Interrogatories served
contemporaneously with this Request for Production of Documents.

ANSWER: In addition to the general objections set forth above, Trans Union

objects to Request for Production No. 13 as over broad and unduly burdensome. Trans

Union further objects to this Request for Production to the extent it seeks documents

protected by the work-product doctrine and the attorney-client privilege. Without waiving

any of its objections, Trans Union responds as follows: Trans Union is producing copies of

its Consumer Relations file for plaintiff.


14.    Copies of all reports and documents utilized by an expert that Defendant proposes
to call at trial.

ANSWER: In addition to the general objections set forth above, Trans Union

objects to this request to the extent that this request calls for attorney-client privilege,

8

attorney work product, or other protected communications. Subject to the foregoing objections and without waiving same, Trans Union responds as follows: To date, Trans Union has not identified who its experts may be at trial.

15.     All exhibits that Defendant proposes to introduce at trial.

**ANSWER:** Trans Union objects to this request to the extent that is seeks to impose obligations beyond those called for by the Federal Rules of Civil Procedure and Federal Rules of Evidence. Without waiving these or its general objections, Trans Union responds that discovery and investigation in this matter are not completed and Trans Union is not aware at this time of all documents responsive to this request. To the extent that it contains responsive documents, Trans Union is producing copies of its consumer relations file for Plaintiff. Trans Union reserves its right to supplement its production in accordance with the Federal Rules of Civil Procedure as additional non-privileged responsive documents are obtained or discovered.

Date: October 20, 2003                    **TRANS UNION LLC**

                                          By: _Daniel O. Halvorsen_

                                          Monica L. Thompson (ARDC #6181455)
                                          Daniel O. Halvorsen (ARDC #6225111)
                                          Denise C. Castillo (ARDC #06269520)
                                          **PIPER RUDNICK LLP**
                                          203 North LaSalle Street, Suite 1800
                                          Chicago, IL 60601-1293
                                          (312) 268-4000

                                          **Attorneys for Defendant**
                                          **TRANS UNION LLC**

~CHIGO1:30312457.v1 |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

DENISE RUTHER,                              )
                                            )
        Plaintiff,                          )
                                            )        No. 02 C 8777
v.                                          )
                                            )        Judge Bucklo
CHASE NA, TRANS UNION LLC,                  )        Magistrate Judge Ashman
EQUIFAX INFORMATION SERVICES, LLC,          )
and EXPERIAN,                               )
                                            )
        Defendants.                         )

### AFFIDAVIT OF LISA M. RAIMONDI

I, Lisa M. Raimondi, being duly sworn on oath, depose and state that I have first hand

knowledge of the following facts and could competently swear thereto if called to testify in a

court of law:

1.      I am one of the attorneys representing Plaintiff in the above-captioned case.

2.      On June 10, 2003, as counsel for Plaintiff, I tendered Interrogatories and Requests

for Production of Documents to Trans Union LLC ("TU").

3.      On October 8, 2003, our office tendered Requests for Admissions to TU.

4.      On or about October 20, 2003, TU provided to our office its Responses to

Plaintiff's First Request for Production of Documents and Plaintiff's Interrogatories.

5.      TU has never provided responses to Plaintiff's Requests for Admissions.

6.      Upon reviewing all of the responses and documents provided by TU, on or

about November 11, 2003, I sent a letter to Dan Halvorsen, counsel for TU, indicating that we

believed certain responses to be inadequate and should be supplemented (See copy of

correspondence attached as Exhibit "1").

7.      Our office has never received a response to this request from TU or TU's counsel.



8.      On November 21, 2003, while in court for another matter in this case, I spoke with Halvorsen who informed me that we would be receiving a response from his client "shortly."

9.      On December 2, 2003, after not receiving anything from TU or its counsel, I sent another letter to Mr. Halvorsen requesting that we be provided with the outstanding discovery. (See copy of correspondence attached as Exhibit "2").

10.     In all correspondence to Mr. Halvorsen, I informed him that if there was some valid reason that TU was withholding the requested information, then he should contact me so that we could discuss it.

11.     As of the date of this affidavit, Mr. Halvorsen has not contacted me either via telephone or via written correspondence.

12.     Although Plaintiff has in good faith attempted to resolve outstanding issues with TU, she has been unable to do so and this forms the basis of Plaintiff's Motion to Compel Proper and Complete Discovery Responses of Trans Union to Plaintiff's Discovery.

DATED: December 12, 2003

_____
Lisa M. Raimondi


STATE OF ILLINOIS      )
                       ) SS
COUNTY OF COOK         )


Subscribe and sworn to before
me this 14th day of December, 2003.

_____
Notary Public

OFFICIAL SEAL
MICHELLE D. ORTON
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 1-27-2001

OFFICIAL SEAL
MICHELLE D. ORTON
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 1-27-2001

# Raimondi & Orton, Ltd.

ATTORNEYS AT LAW        Lincoln Professional Center • 4305 North Lincoln Avenue • Chicago, Illinois 60618

(773) 296-6583 • Fax (773) 442-0688

Writer's E-mail: lraimond@ix.netcom.com

November 11, 2003

Via Facsimile (312) 630-5334 and First Class Mail

Mr. Dan Halvorsen
Piper Rudnick
203 North LaSalle Street, Suite 1800
Chicago, Illinois 60601

      RE:    <u>Ruther v. Chase, NA, et al.</u>
              No. 02 C 8777

Dear Dan:

    We have had an opportunity to review your client's responses to our Interrogatory and Document Requests. After an initial review of these responses, it appears that we were not provided with complete responses or the interrogatories and document requests were improperly objected to. Therefore, we would request that the following interrogatories and document requests be supplemented within the next seven (7) days. In the event that we do not receive supplemental responses within this time frame, we will be filing the appropriate motion with the Court.

    With regards to Document Requests Nos. 1, 2, 7, 8, 10, 11 and 13, you have answered that Trans Union is producing copies of its Consumer Relations file for Plaintiff. We have not received these documents. If these documents have been previously produced, then we request that you supplement your responses to identify which documents are responsive to which requests. In the event that we do not receive these documents or supplemental responses within the next seven (7) days, we will be filing the appropriate motion with the Court.

    With regards to Document Requests Nos. 3, 4, 5, 6, and 9, you have stated that you will produce these documents upon the entry of an appropriate protective order. However, you have not filed a motion with the Court for the entry of said order nor we have not received a draft protective order for our review so that we can even consider agreeing to it. While it is unlikely that we will agree to one given that we do not see how the documents we have requested are of the nature that should be subject to a protective order, we are willing to consider it if it is provided to us immediately. Otherwise, we request that you provide us with the documents responsive to Request Nos. 3, 4, 5, 6, and 9 within the next seven (7) days. In the event that we


EXHIBIT 1

do not receive these documents within this time frame, we will be filing the appropriate motion with the Court.

With regards to Document Request No. 12, you have simply objected on the grounds that the request calls for documents which are confidential and some of which contain or reference highly confidential trade secrets of Trans Union. Please explain how documents that discuss how Trans Union determines the number of consumer disputes that are completed by its employees are confidential and proprietary. We cannot see how any of these documents can possibly consist of any formulas, patterns, devices or compilations of information used in Trans Union's business that gives it an opportunity to obtain an advantage over its competitors requiring a protective order to be entered. Therefore, we request that you provide us with the documents responsive to this request within the next seven (7) days. In the event that we do not receive these documents within this time frame, we will be filing the appropriate motion with the Court.

With regards to your client's responses to our Interrogatory Requests, in Interrogatory No. 3 we requested that your client identify and describe all documents known to Trans Union that related to Chase account number 5323 5018 1066 5188. Trans Union responded that "documents among those produced in response to Plaintiff's First Request for Production of Documents are responsive to this Interrogatory." We did not however, receive any documents with Trans Union's responses to our Document Requests. Further, this response does not identify or describe any documents. Therefore, we would request that this response be supplemented within the next seven (7) days. In the event that we do not receive an updated response within this time frame, we will be filing the appropriate motion with the Court.

With regards to Interrogatory No. 12, we do not believe that your answer is responsive to this request. We have asked to have all ACDV or CDV forms produced in our request for production of documents explained, including any codes used on those forms. Instead of providing us with this information, your client's response states how reinvestigation requests are responded to by the subscribers. Although we did not receive any documents in response to our production request, your client's response to Interrogatory No. 5 indicates that an ACDV form was sent to Chase. Therefore, we would request that you supplement this response explaining this document, including any codes contained therein, within the next seven (7) days. In the event that we do not receive this supplemented response within this time frame, we will be filing the appropriate motion with the Court.

With regards to Interrogatories Nos. 13-15 in which we request the number of consumer disputes handled by Trans Union, the number of employees that handle consumer disputes and the number of disputes handled by a specific employee in a given day or hour, you have responded that this information is confidential and proprietary and/or a trade secret. Similar to Document Request No. 12 discussed above, we cannot see how requesting a number can consist of information that contains formulas, patterns, devices or compilations of information used in Trans Union's business that gives it an opportunity to obtain an advantage over its competitors and therefore, would be considered confidential or proprietary information by the Court. Therefore, we request that you provide us with a supplemental response to these interrogatory

requests within the next seven (7) days. In the event that we do not receive these documents within this time frame, we will be filing the appropriate motion with the Court.

If there is some valid reason that your client is withholding the above documents or will not supplement its responses, we suggest that you contact us immediately so that we can hold a Local Rule 37.2 conference.

If you have any questions, please do not hesitate to contact me.

Sincerely,

Lisa M. Raimondi

cc: Elliot Richardson

# Raimondi & Orton, Ltd.

ATTORNEYS AT LAW        Lincoln Professional Center • 4305 North Lincoln Avenue • Chicago, Illinois 60618

(773) 296-6583 • Fax (773) 442-0688

Writer's E-mail: lraimond@ix.netcom.com

Via Facsimile (312) 630-5334 and First Class Mail

Mr. Dan Halvorsen
Piper Rudnick
203 North LaSalle Street, Suite 1800
Chicago, Illinois 60601

       RE:     <u>Ruther v. Chase, NA, et al.</u>
                No. 02 C 8777

Dear Dan:

      On November 11, 2003, we sent you a letter regarding Trans Union's outstanding discovery to us. Despite stating after court on November 21st that you would be providing us with a response shortly, we still have not received any further information or even any communication from you. We cannot continue to wait for you to respond to our letter. If you do not produce the documents and supplemental responses requested in our previous letter by Friday, December 5th, we will be filing our Motion to Compel on the following Monday.

      Also, if you intend to withhold any of the documents because you still believe that they are subject to a protective order, then we suggest that you move the Court for the entry of such an order prior to Monday. We do not intend to voluntarily agree to a protective order as we do not believe that one is necessary or warranted in this case. We believe that our position is supported by the courts in this District. Specifically, Magistrate Judge Keys, in <u>Zahran v. Trans Union Corp. et al.</u>, No. 01 C 1700, 2002 WL 31010822 (N.D. Ill. Sept. 9, 2002), held that your client's Consumer Relations Center Dispute Training Guide as well as subscriber agreements were not subject to a protective order. In denying the entry of the protective order, Judge Keys stated that documents "that outline procedures for consumer relations personnel to handle consumer credit disputes, are not rocket science." <u>Id</u>. at *3. He further reasoned that function keys, keystrokes, data entry instructions, and general computer codes are not a "formula, pattern, device or compilation of information" that gives Trans Union an advantage over competitors and warrants a protective order. <u>Id</u>. Although you have never provided us with a detailed explanation as to what the documents are that you are withholding, we have reason to believe that they are similar in nature to the documents in the above-referenced case. We also believe that given Judge Bucklo's position at our Motion to Compel Discovery from Chase on Friday, November 21st, she

EXHIBIT 2

would agree with our position that the documents we are seeking are not of a confidential or proprietary nature and thus, a protective order is not warranted.

Finally, as the scheduling of depositions has begun, we would like to take this opportunity to provide the following demand to your client in an effort to try settle this matter before even more time and expense is put into this case. Our client is willing to settle this case for $17,500.00. This includes $15,000 in actual damages attributable to a lowered credit limit on her Discover credit card, our client's interest rate on her CitiCard increasing from 11.740% to 24.74%, the denial of five credit card accounts, the increase in our client's homeowner's insurance and the emotional distress, humiliation, stress, worry, anxiety and helplessness suffered by our client due to the inaccurate reporting by Trans Union on our client's credit report. This total also includes $2,500 in attorneys fees. As you are probably aware, the amount we will seek for damages and attorneys fees will only increase in the future.

Please forward this communication to your client for review and advise as soon as possible as to its response. If you have any questions or would like to discuss any of foregoing discovery issues further, please do not hesitate to contact us prior to Friday so that we can attempt to work through these issues without the need to file a motion.

Sincerely,

Lisa M. Raimondi

cc: Elliot Richardson

**DISP/CORR**                    CONSUMER RELATIONS SYSTEM

CNTL: 11195766 003 04        )    TRADE SET DETAIL              KKHSO520 004
CONSUMER: RUTHER                        DENISE          L                CR: 02A
RESPONSE: C   FAVORABLE: F   STATUS: CM   DATE-REC: 08/19/02   DEL: N   MM/SS:
* COMPLETE DISPUTE *     ** CHANGED **                           PRIORITY: 3
SUBS-CD   SUBS-NAME        DT-OP HI-CR   DT-VER BAL-0   P-DUE    PMT PATTERN  E
ACCOUNT-NUMBER             L-TP CR-LM    DT-CLS MD-DT---AMT---MOP        A-TP
COLLATERAL                      REMARKS TERMS                HIST STATUS  MOP
ORIG:
B   38BK044 CHASE NA       06/94 00010424 07/02 00010382 00001626            I
5323501810665188               CC 00010000 09/01                             R
                                  PRL                                       09

CORR:
B   38BK044 CHASE NA       06/94 00010424 07/02 00010382 00001626            I
5323501810665188               CC 00010000 09/01                             R
                                  PRL                        *** ** ** **   09


VR OPID: C6865     QC OPID:                                  EXPD:
DAVE: 01 02 05


NEXT-CODE:       SUB-CODE:     KEY:
1=CPT  2=RTN                                                 12=ESC


**TU 00026**

EXHIBIT 6

**DISP/CORR**         **CONSUMER RELATIONS SYSTEM**

CNTL: 11195766 003 04     EXPANDED TRADE SET DETAIL       KKHSO530    014

SUBS-CODE: B   38BK044   SUBS-NAME: CHASE NA

CONSUMER: RUTHER            DENISE        L            CR: 02A

ACCT-/NO: 5323501810665188                       M/S:

    CLAIMS: **A3** Belongs to another individual with same/similar name.
                Provide complete ID (incld SSN, DOB, Generation code, etc).


COMMENTS:

RESPONSE: C FAVORABLE: F STATUS: CM DATE-REC: 08/19/02 DEL: N

**\*\* COMPLETE DISPUTE \*\* \*\* CHANGED \*\***

DT-RP V DT-PD DT-PG R DT-CLK   DT-LS NPPD   PMT-PATT 1-12     PMT-PATT 25-36

ORIG:                                PMT-PATT 13-24   PMT PATT 37-48

07/02 A       08/01         12/01


CORR:

**09/02 V**       08/01         12/01


NEXT-CODE:       SUB-CODE:       KEY:

1=CPT 2=RTN                              12=ESC

```
)C. -03                          TRANS UNION CORPORATION              DATE: 08/29/02  TIME: 05:57
PT-ID: KKVRBS08-2                    CONSUMER RELATIONS                              PAGE: 1260
                          CRS ACDV/ACTV RESPONSES FOR MANUAL PROCESSING

1  DEPT: N
UBSCRIBER RESPONSE DATE: 08/28/02            CONTROL: 11195766 003 04        MA/SM: 0600   SUB LOC: 001
) COMPLY WITH F.C.R.A., A RESPONSE IS REQUIRED BY: 08/30/02     DATE:    08/24/02

                                           VERF     SUBSCRIBER CHANGES TO CONSUMER DEMOGRAPHIC DATA:
AME: RUTHER,DENISE,L                        (S) NAME:
AKA:                                           AKA:
ODR: 1730 N KEATING AV                      (D) ADDR: 1730 N KEATING AVE
     CHICAGO ,IL 60639
REV: 4717  STLOUIS                          (U) PREV: *************************************************
     CHICAGO ,IL 60625                                ***************************** ** *****
SN/DOB/PHONE: 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 /   04/01/57 /  000-889-3495   (S) SSN/DOB/PHONE:             /         /

                                       CNTL# 11195766 003 04   DATE RECD: 08/19/02  PRI: 3

ONSUMER     BELONGS TO SIMILAR NAME. PROVIDE COMPLETE ID
STATES
OMMENTS

         SUBSCRIBER NAME    SUB.CODE      OPENED  RPT'D    BAL.OWING    PAST DUE    HIGH CRDT    PAYMENT         TP.ACCT  MOP
         ACCOUNT NUMBER     CREDIT LIMIT  TERMS          LAST PYMT  MAX.DELQ.DATE  MD.AMT MD.MOP  HISTORY                 ECOA
         TYPE LOAN          COLLATERAL/FLAG               SP.COMMENTS/STATUS/REMARKS  CLOSED      MOS 30 60 90

ERIFIED  CHASE NA          B 38BK044      06/94  07/02A  $10.3K        $1626       $10.4K                        R  09
AS       5323501810665188     $10.0K                                                                               I
EPORTED: CREDIT CARD                               PROFIT AND LOSS WRITEOFF     09/01       0   0  0  0

HANGE    CHEMICAL SUB       9790001
ATA AS
HOWN : X                                                                         ***


ESPONSE CODES:   999 FREE-FORM RESPONSE.



ESPONSE NARRATIVE: ACCOUNT CHARGED OFF
ONSUMER MESSAGE:
UTHORIZED PHONE/NAME:    210-586-7246    /   U245139

EASON FOR PRINT : P - Response Code contains 999
```

TU 00028

```
DISP/CORR                    CONSUMER RELATIONS SYSTEM
CNTL: 11195766 008 01            TRADE SET DETAIL              KKHSO520 004
CONSUMER: RUTHER                    DENISE        L                CR: 03A
RESPONSE: C  FAVORABLE: F  STATUS: CL  DATE-REC: 12/19/02  DEL: N   MM/SS:
** CLOSED DISPUTE **    ** CHANGED **                         PRIORITY: 2
SUBS-CD    SUBS-NAME       DT-OP HI-CR    DT-VER BAL-0    P-DUE   PMT PATTERN  E
ACCOUNT-NUMBER             L-TP CR-LM     DT-CLS MD-DT---AMT---MOP      A-TP
COLLATERAL                      REMARKS TERMS               HIST STATUS   MOP
ORIG:
B  38BK044 CHASE NA        06/94 00010424 07/02 00010382 00001626          I
5323501810665188              CC 00010000 09/01                            R
                              PRL                                          09

CORR:
B  38BK044 CHASE NA        06/94 00010424 07/02 00010382 00001626          I
5323501810665188              CC 00010000 09/01                            R
                              PRL                        *** ** ** **      09


VR OPID: C3531    QC OPID:                                        EXPD:
DAVE: 01 02 05


NEXT-CODE:       SUB-CODE:       KEY:
1=CPT   2=RTN                                              12=ESC
```

**TU 00041**

DISP/CORR      CONSUMER RELATIONS SYSTEM

CNTL: 11195766 008 01     ( EXPANDED TRADE SET DETAIL )     KKHSO530   014

SUBS-CODE: B   38BK044   SUBS-NAME: CHASE NA

CONSUMER: RUTHER             DENISE      L           CR: 03A

ACCT-/NO: 5323501810665188                     M/S:

    CLAIMS: **A2** Not his/hers. Provide complete ID.


COMMENTS :

RESPONSE: C FAVORABLE: F STATUS: CL DATE-REC: 12/19/02 DEL: N

**\*\* CLOSED DISPUTE \*\*    \*\* CHANGED \*\***

DT-RP V DT-PD DT-PG R DT-CLK   DT-LS NPPD   PMT-PATT 1-12    PMT-PATT 25-36

ORIG:                               PMT-PATT 13-24   PMT PATT 37-48

09/02 V      08/01        12/01


CORR:

**12/02** V      08/01        12/01


NEXT-CODE:      SUB-CODE:      KEY:

1=CPT 2=RTN                                  12=ESC

**TU 00042**

TRANS UNION CORPORATION
CONSUMER RELATIONS
CRS ACDV/ACTV RESPONSES FOR MANUAL PROCESSING

DATE: 12/27/02
TIME: 05:24
PAGE: 664

LOC: 03
RPT-ID: KKVR8508-2

.03 DEPT: N
SUBSCRIBER RESPONSE DATE: 12/26/02
TO COMPLY WITH F.C.R.A., A RESPONSE IS REQUIRED BY: 12/27/02

CONTROL: 11195766 008 01
DATE: 12/21/02

MA/SM: 0600    SUB. LOC: 002

NAME: RUTHER, DENISE,L
   AKA:
ADDR: 1710 N KEATING AV 2
   CHICAGO ,IL 616639
PREV: 4717 ST LOUIS
   CHICAGO ,IL 60625
SSN/DOB/PHONE: 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 / 04/01/57 / 000-889-3495

VERF    SUBSCRIBER CHANGES TO CONSUMER DEMOGRAPHIC DATA:
(S) NAME:
   AKA:
(S) ADDR:
(U) PREV: *************************
   ****** ** *******************
(S) SSN/DOB/PHONE: ***********

CNTL# 11195766 008 01    DATE RECD: 12/19/02    PRI: 2

CONSUMER:
STATES
TS

NOT HIS/HERS. PROVIDE COMPLETE ID

| SUBSCRIBER NAME ACCOUNT NUMBER TYPE LOAN | SUB CODE CREDIT LIMIT COLLATERAL/FLAG | OPENED REPT'D TERMS | BALOWING LAST PYMT SP.COMMENTS/STATUS/REMARKS | PAST DUE MAX.DELQ.DATE MD.AMT MD.MOP | HIGH CREDT MD.ANT CLOSED | PAYMENT HISTORY MOS 30 60 90 | TP.ACCT ECOA MOP |
|---|---|---|---|---|---|---|---|
| CHASE NA 5323501810665188 CREDIT CARD | B 3BK044 $10.0K | 06/94 07/02V | PROFIT AND LOSS WRITEOFF | $1626 | $10.4K 09/01 | 0 0 0 | R I 09 |

VERIFIED
   AS
REPORTED:

CHANGE
DATA AS
SHOWN : X

CHEMICAL SUB          9790001

RESPONSE CODES:    999 FREE-FORM RESPONSE.

RESPONSE NARRATIVE: ACCOUNT CHARGED OFF ACCOUNT VERIFIED
CONSUMER MESSAGE:
AUTHORIZED PHONE/NAME:    210-586-0000    /    U427464

↑ FOR PRINT : P - Response Code contains 999

TU 00043